EGAN *v.* CITY OF AURORA ET AL.

.. No. 121.   Decided March 6, 1961.

*Joseph Keig, Sr., Edwin R. Armstrong* and *Sol R. Friedman* for petitioner.

*William C. Murphy* for respondents.

PER CURIAM.

Petitioner, Mayor of the City of Aurora, brought this suit in the District Court against the City and certain of its officials for damages for deprivation of rights secured to him by the Constitution.   He alleges unlawful action by the city and by individuals who are or who purport to be its officials (see 42 U. S. C. § 1983) and a conspiracy (see 42 U. S. C. § 1985).   The District Court granted the motions to dismiss, 174 F. Supp. 794, and the Court of Appeals affirmed, 275 F. 2d 377, both decisions being prior to our opinion in *Monroe* v. *Pape, ante,* p. 167.

The dismissal as to the City of Aurora was correct, for we held in *Monroe* v. *Pape, supra,* that a municipality was not a "person" within the meaning of 42 U. S. C. § 1983.   Insofar as any right claimed stems from petitioner's status as mayor under Illinois law it is precluded

from assertion here by *Snowden* v. *Hughes,* 321 U. S. 1. But as we read the complaint, the rights which petitioner claims he was deprived of are those that derive from the Fourteenth Amendment, particularly the right of free speech and assembly. The opinion of the Court of Appeals is not explicit as respects the grounds for dismissing the complaint under 42 U. S. C. § 1985. See *Snowden* v. *Hughes,* 321 U. S. 1; *Collins* v. *Hardyman,* 341 U. S. 651. The Court of Appeals, in affirming the judgment of the District Court on grounds other than the ones relied on by that court, seems to have decided the case on a construction of 42 U. S. C. § 1983 that apparently is inconsistent with the view we took in *Monroe* v. *Pape, supra.*

Accordingly we grant the petition for certiorari, affirm the judgment in favor of the City of Aurora, vacate the judgment of the Court of Appeals in favor of the individual respondents and remand the cause as respects them to the Court of Appeals for reconsideration in light of this opinion.