**STATE OF WISCONSIN, Plaintiff,**

v.

**Robert C. ZIMMERMAN, Secretary of State of the State of Wisconsin, Defendant.**

**Civ. A. No. 3540.**

United States District Court
W. D. Wisconsin.
May 23, 1962.

John W. Reynolds, Atty. Gen., of Wisconsin, Roy G. Tulane, Asst. Atty. Gen., Madison, Wis., for State of Wisconsin.

Roger C. Minahan, Edward D. Cleveland, Alfred A. Heon, Milwaukee, Wis., for defendant, Whyte, Hirschboeck, Minahan, Harding, & Harland, Milwaukee, Wis., of counsel.

Before DUFFY, Circuit Judge, and STONE * and GRUBB, District Judges.

DUFFY, Circuit Judge.

This is a suit brought by the State of Wisconsin by John W. Reynolds, Attorney General, and Roy G. Tulane, Assistant Attorney General. The complaint alleges that the State of Wisconsin is acting in its sovereign capacity and in its capacity as *parens patriae* for the people of Wisconsin.

The complaint states the action is for an injunction, mandamus and other equitable relief under the Constitution and laws of the United States, to compel the defendant Zimmerman, Secretary of State, to refrain from conducting Wisconsin general elections for the Wisconsin

---

* Judge STONE has approved of and concurred in this opinion. He is, on this date, holding court in Superior, Wisconsin, and is unable to sign the opinion. He will sign the original opinion and order at the earliest opportunity.

**674**

state legislature under the Rosenberry Apportionment Act of 1951, and to refrain from conducting the elections for Congress under the provisions of Ch. 3, Stats. of 1959, as amended. The complaint suggests the election of such officials be held at large throughout the State of Wisconsin or, as an alternative, that a Special Master be appointed by this Court to recommend an equitable apportionment, and that after adoption of such recommendation by this Court, a decree be entered ordering the defendant Secretary of State to conduct the election in accordance with such report and decree.

The complaint alleges that the instant action was authorized by the Governor of Wisconsin pursuant to authority vested in him by Section 14.12, Wisconsin Statutes, 1959. The complaint further alleges that the state, in its sovereign capacity, has a right and interest to see that the rights of the people of Wisconsin, in an equitable apportionment of voting power for state legislators and members of Congress, be protected in accordance with the terms of the Wisconsin statutes and the Constitution and laws of the United States of America, and particularly the Fourteenth Amendment, Paragraph 1, of the Constitution of the United States.

The complaint recites that under the provisions of the Wisconsin Constitution, the legislature is required after each decennial census, to apportion and district anew the members of the senate and assembly according to the number of inhabitants, with minor exceptions. That the final figures for the 1960 census released by the Bureau of the Census became available in November 1960, and prior to the first meeting of the legislature elected for the 1961–1962 biennium which convened on January 11, 1961.

The complaint further alleges that the legislature recessed January 12, 1962 until January 9, 1963 at 11 o'clock in the forenoon without fulfilling its constitutional mandate, under the Wisconsin Constitution, to apportion anew the Wisconsin legislature, and without taking any action to assure an equal representation and an equal right to vote in the several congressional districts of the state which elects members to the Congress of the United States.

Defendant Secretary of State has moved to dismiss the complaint. His motion is based upon four grounds:

1) the complaint fails to state a claim upon which relief can be granted;

2) the Court lacks jurisdiction as plaintiff has not exhausted its remedies in the state courts;

3) the complaint shows on its face that the plaintiff does not have legal capacity to maintain this action; and

4) the Court lacks jurisdiction because the legislature has primary authority to re-district the legislature and is still in its first session after the 1960 federal census.

■ We are convinced that reason (3) is well taken. The State of Wisconsin does not have legal capacity to maintain this action. Stated otherwise, the State of Wisconsin does not have standing to sue.

At the oral argument of the motion to dismiss, plaintiff's counsel twice suggested an amendment to the complaint in order to make individuals parties plaintiff. However, no formal motion to amend was tendered.

We cannot, at this time, properly discuss the three additional grounds to dismiss, for if the complaint should be amended to include individual plaintiffs, what we might say now would be in the nature of an advisory opinion. Whether the additional objections are valid might depend upon whether the action is in the name of individual electors or the State of Wisconsin.

We now state our reasons why we have concluded that the State of Wisconsin does not have standing to bring this suit in a federal court.

The Fourteenth Amendment reads, in part: " * * * [N]or shall any State deprive any *person* of life, liberty, or property, without due process of law; nor deny to any *person* within its juris-

diction the equal protection of the laws." (Emphasis supplied)

The statute relied on jurisdictionally by plaintiff, Title 28 U.S.C. § 1343, reads, in part: "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any *person* * * *." (Emphasis supplied)

The real question here at issue is whether the State of Wisconsin is a "person" within the scope of the protection of the Fourteenth Amendment. In our view, it is not.

Many cases have held rights created by the equal protection clause of the Fourteenth Amendment are guaranteed to the individual, and that such rights are "personal rights."

In Shelley v. Kraemer, 334 U.S. 1, 22, 68 S.Ct. 836, 846, 92 L.Ed. 1161, the Court stated: "* * * The rights created by the first section of the Fourteenth Amendment are, by its terms, guaranteed to the individual. The rights established are personal rights." (Citing McCabe v. Atchison, Topeka & Santa Fe R.R. Co., 235 U.S. 151, 161–162, 35 S. Ct. 69, 59 L.Ed. 169; Missouri ex rel. Gaines v. Canada, 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208; Oyama v. California, 332 U.S. 633, 68 S.Ct. 269, 92 L.Ed. 249).

In United States v. Nebo Oil Co., Inc., D.C., 90 F.Supp. 73, the Court said at page 95: "It has repeatedly been held that a sovereign is not a 'person' within the meaning of the Fourteenth Amendment."

Under Title 28 U.S.C. § 1343,[1] the jurisdictional statute here relied on, the courts consistently have held that the word "person" as used to describe a party liable for civil rights violations, does not include a state or a municipality. See Egan v. City of Aurora, et al., 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741; Monroe, et al. v. Pape, et al., 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492; United

States v. State of Alabama, et al., 5 Cir., 267 F.2d 808.

The instant action was triggered by the recent decision of the United States Supreme Court in Baker, et al. v. Carr, et al., 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663. In that case, the plaintiffs were each qualified to vote for members of the Tennessee legislature. They instituted a class action in the United States District Court for a declaration that the Tennessee Apportionment Act of 1901 was unconstitutional, and for an injunction to restrain defendants from conducting any further elections under the Act. The plaintiffs alleged the Act violated the equal protection clause of the Fourteenth Amendment to the United States Constitution. The District Court, sitting as a three-judge court, dismissed the action on the ground it lacked jurisdiction of the subject matter and that the complaint failed to state a claim upon which relief could be granted.

The Supreme Court reversed, holding the District Court did possess jurisdiction of the subject matter; that a justiciable cause of action was stated upon which plaintiffs would be entitled to appropriate relief, and that the plaintiffs had standing to challenge the Tennessee Apportionment Act.

Plaintiff cites early Wisconsin cases such as State ex rel. Attorney General v. Cunningham (1892), 81 Wis. 440, 51 N. W. 724, 15 L.R.A. 561 and State ex rel. Lamb v. Cunningham (1892), 83 Wis. 90, 53 N.W. 35, 17 L.R.A. 145, for the proposition that it is established law in Wisconsin that the State itself is the proper party plaintiff in an action brought to enforce an equitable apportionment. Quite likely the same rule would be followed in a Wisconsin state court action today.

However, this case is brought in a federal court, and plaintiff bases its right on a federal constitutional claim under the Fourteenth Amendment to the Con-

---

1. The cited cases refer to the civil rights statutes which establish the cause of action (Chapters 20 and 21 of Title 42, U.S.C.A.). Title 28 U.S.C. § 1343 is the statute which gives the District Court jurisdiction to entertain such actions.

stitution of the United States. In Baker, et al. v. Carr, et al., supra, 369 U.S. page 204, 82 S.Ct. page 703, the Court asks this question: "Have the appellants [plaintiffs] alleged such a *personal stake* in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions? This is the gist of the question of standing. It is, of course, a question of federal law." (Emphasis supplied)

■ A claim in the federal courts on a constitutional question must present a clear and concrete adversity of interests. Baker, et al. v. Carr, et al., 369 U.S. at page 204, 82 S.Ct. at page 703.

■ We think the fundamental questions at stake in this litigation cannot be properly decided in this Court unless two or more individual Wisconsin electors are named as parties plaintiff. The teaching of Baker, et al. v. Carr, et al., supra, in this respect should be followed. Should the plaintiff desire to formally tender a motion to amend the complaint, it may do so by filing such amended complaint within five (5) days from the date of this opinion.

In this case, we are considering issues which are primarily the concern of all of the people in Wisconsin. The legislature has the constitutional duty to "apportion and district anew the members of the senate and assembly * * *" at the session which convened on January 11, 1961. The legislature has failed to "apportion and district anew." It still has that duty to perform. A much happier result would obtain if the legislature promptly convened on its own volition, or came into session at the call of the Governor, and enacted a fair and constitutional apportionment law.

A federal court is and should be most reluctant to enter orders or directives in a case of this kind, but the United States Supreme Court has held that we have jurisdiction of the subject matter, and if the legislature fails to carry out its con-

stitutional obligations, we conceive it our clear duty to proceed.

An order will be entered in accordance with this opinion. This action will be dismissed unless an amended complaint is filed within five (5) days of the date of this opinion. If such amended complaint be filed, the defendant shall have five (5) days thereafter to answer or otherwise plead.