Christopher ROBERTS, a minor, by his father and natural guardian, Howard S. Roberts, and Howard S. Roberts, in his own right

v.

William TRAPNELL, Jr., and Commissioners of Lower Merion Township.

Civ. A. No. 29987.

United States District Court
E. D. Pennsylvania.

Dec. 19, 1962.

See also 213 F.Supp. 49.

John B. Hannum, 3rd, and William M. Keenan, Philadelphia, Pa., for plaintiffs.

Smillie, Bean, Davis & Tredinnick, Morristown, Pa., for defendant Trapnell.

John J. McDevitt, 3rd, Philadelphia, Pa., for Comrs. of Lower Merion Township.

VAN DUSEN, District Judge.

This cause of action was brought under 42 U.S.C.A. § 1983 [1] and alleges that the minor plaintiff was deprived of the privileges and immunities guaranteed to him by the Fourth, Fifth, Seventh and Fourteenth Amendments to the United States Constitution. The Complaint alleges that the minor was shot by the individual defendant, a police officer of Lower Merion Township, Montgomery County, without any just cause or provocation, was kicked by said officer while wounded, was refused the company of his friends when taken to the hospital, and was re-

---

[1]. 42 U.S.C.A. § 1983 states as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

fused permission to telephone his parents. The Complaint further states that these acts were done under color of law, that the acts were committed wantonly, maliciously, and without just cause, and that no charges were ever preferred against the minor plaintiff or his companions. It is alleged that "all of the defendants, including those who comprise the Commissioners of Lower Merion Township, know this and have known it ever since said acts were committed." The Commissioners of Lower Merion Township filed a Motion to Dismiss (Document No. 4), which is now before the court.[2]

■ Lower Merion Township, a municipal corporation, is a First Class Township and governed by the Pennsylvania First Class Township Code, 53 P.S. § 55101 et seq. Under such Code, the corporate power of a township of the first class is vested in the Board of Township Commissioners. See 53 P.S. § 56502. The Board has the general power to prescribe the manner in which the powers of the Township are to be carried out and to regulate the affairs of the Township.

■ The Civil Rights Act under which this action was brought does not include municipalities within the definition of "persons" who may be sued for violation of § 1983. Monroe v. Pape, 365 U.S. 167, 187, 191, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Egan v. City of Aurora, Ill., 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961); Hewitt v. City of Jacksonville, 188 F.2d 423, 424 (5th Cir. 1951), cert. den. 342 U.S. 835, 72 S.Ct. 58, 96 L.Ed. 631 (1951); Charlton v. City of Hialeah, 188 F.2d 421, 423 (5th Cir. 1951).

■ In this case, the Complaint against the "Commissioners of Lower Merion Township" will be dismissed for failure to state a claim on which relief can be granted in this court and for lack of jurisdiction over the subject matter. The "Commissioners of Lower Merion Township," who comprise the Board possessing the corporate power of the municipal corporation, were sued as a legal entity.[3] This Complaint cannot be sustained under 42 U.S.C.A. § 1983. Handy Cafe, Inc., v. Justices of The Superior Court, 248 F.2d 485 (1st Cir. 1957),[4] cert. den. 356 U.S. 902, 78 S.Ct. 561, 2 L.Ed.2d 580 (1958). See Monroe v. Pape, supra, and Egan v. City of Aurora, supra.[5] There is no diversity of citizenship.

2. The Motion to Dismiss is grounded on lack of jurisdiction over the subject matter, failure to state a claim upon which relief can be granted, and governmental immunity.

3. None of the Commissioners were named as individual defendants. There is no allegation that the present Commissioners were in office at the time of the acts alleged in the Complaint. Only one of the Commissioners is mentioned by name in the Complaint and the only allegation as to him is that he visited the minor plaintiff in the hospital and apologized for what had occurred.

4. In that case, the court stated at p. 487, of 248 F.2d: " * * * we know of no authority to the effect that 'the members of the Superior Court and Supreme Judicial Court of the Commonwealth of Massachusetts' constitute suable legal entities. Action under the Civil Rights Act must be against the individual persons or officials who, under color of their respective state offices, subject a person to denial of federal constitutional rights.

There are over thirty judges of the Massachusetts Superior Court throughout the Commonwealth and seven justices of the Supreme Judicial Court. Obviously not all of these persons could have been concerned with the various state court proceedings herein complained of. It does not appear against which individuals judgments for damages and enforcement orders are sought to be issued."

5. See, also, United States v. State of Alabama, 171 F.Supp. 720 (M.D.Ala.1959), where it was held at pp. 726–728 that "The Board of Registrars of Macon County, Alabama" could not be sued under 42 U.S.C.A. § 1971. This holding was affirmed at 267 F.2d 808, 812–813 (5th Cir. 1959). Although the United States Supreme Court reversed the case as to another part of the decision (i. e., the suit against the "State of Alabama"), it did not rule that the suit against the Board should be reinstated. See 362 U.S. 602, 80 S.Ct. 924, 4 L.Ed.2d 982 (1960), rehearing denied, 363 U.S. 857, 80 S.Ct. 1608, 4 L.Ed.2d 1739 (1960).

## ORDER

AND NOW, December 19, 1962, after consideration of the foregoing Motion, the attached briefs, supplemental and reply briefs of counsel, the letter of December 7 attached to plaintiffs' supplemental brief, and the record, IT IS ORDERED that the MOTION OF THE COMMISSIONERS OF LOWER MERION TOWNSHIP TO DISMISS (Document No. 4) is granted, and the Complaint as to them is hereby dismissed, without prejudice.