**Christopher ROBERTS, a minor, by his father and natural guardian, Howard S. Roberts, and Howard S. Roberts, in his own right**

v.

**William TRAPNELL, Jr.**

**Civ. A. No. 29987.**

United States District Court
E. D. Pennsylvania.

Dec. 21, 1962.

John B. Hannum, 3rd, and William M. Keenan, Philadelphia, Pa., for plaintiffs.

Smillie, Bean, Davis & Tredinnick, Norristown, Pa., for defendant, Trapnell.

John J. McDevitt, 3rd, Philadelphia, Pa., for defendants, Comrs. of Lower Merion Township.

VAN DUSEN, District Judge.

This case was brought under 42 U.S.C.A. § 1983, the Complaint alleging that the minor plaintiff was deprived of "privileges and immunities" guaranteed him under the Fourth, Fifth, Seventh and Fourteenth Amendments to the Constitution. In support of these allegations, the Complaint alleges that the minor plaintiff and his companions saw a police car stop near them, left the area because they were afraid they would be picked up on suspicion, and were proceeding to the minor plaintiff's home when they suspected that they were being followed. They thereupon stopped in a back yard to see who their pursuer was, at which time the individual defendant,[1] acting under color of law and without just cause and provocation, shot the minor plaintiff in the leg, kicked him while he was still felled from the shot, told him to "shut up" when he asked why he had been shot, assisted in placing him in a police car, and took him to Bryn Mawr Hospital. It is also alleged that the defendant, still acting under color of law, refused him permission to telephone his parents and refused to allow one of the friends of the minor plaintiff to accompany him to the hospital. Damages are claimed in the amount of $250,000.

for the minor plaintiff and $25,000. for his father, who is also suing in his own right.

Defendant Trapnell answered the Complaint and denied jurisdiction. In the Answer (Document No. 7) and the Motion to Dismiss (Document No. 8), which is presently before the court, the defendant's position is that this court has no jurisdiction over the subject matter and that the Complaint fails to state a claim for which relief can be granted.

The Civil Rights Act provides that any person who, "under color of any statute, * * * custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured * * *." See 42 U.S.C.A. § 1983.

 The acts complained of are sufficiently alleged to have been done "under color of law."[2] There is now no requirement that the Complaint allege that discrimination between classes of persons is present,[3] and defendant's position that he cannot be prosecuted under this law because his actions are protected by a governmental immunity is also untenable.[4]

The Complaint should not be dismissed merely because it does not allege that the acts complained of were done for the purpose of depriving the minor plaintiff of rights, privileges and immunities guaranteed by the Constitution.[5] All

---

1. The individual defendant is now the only defendant of record. See Memorandum Opinion and Order of December 19, 1962, D.C., 213 F.Supp. 47.

2. "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941). See, also, Monroe v. Pape, 365 U.S. 167, 173–187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1962).

3. Cohen v. Norris, 300 F.2d 24, 29 (9th Cir. 1962), overruling Agnew v. City of

Compton, 239 F.2d 226, 231 (9th Cir. 1956). Contra, Truitt v. State of Illinois, 278 F.2d 819, 820 (7th Cir. 1960), cert. den. 364 U.S. 866, 81 S.Ct. 109, 5 L.Ed. 2d 88 (1960).

4. See, e. g., Monroe v. Pape, supra; Egan v. City of Aurora, Ill., 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1962).

5. Cohen v. Norris, supra. It is also noted that the mere fact that there is a state remedy for the same actions complained of in an action brought in the Federal Courts under the Civil Rights Act does not warrant dismissal of the federal action. Mr. Justice Douglas stated in Mon-

that is necessary to prevent the dismissal of a Complaint brought under 42 U.S.C.A. § 1983 is that it allege facts constituting a deprivation under color of state authority of a right guaranteed by the Fourteenth Amendment. Monroe v. Pape, 365 U.S. 167, 171, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).[6]

The allegations of fact in this Complaint, although not necessarily as complete or clear as they might be, could be viewed as allegations of deprivation of constitutional rights. It could be held that, if proved,[7] the facts in the Complaint show such actions as an illegal arrest, unnecessary force used in making an arrest, unnecessary force and brutality by police officials after an arrest has been made, failure to inform the minor plaintiff of the reason for the shooting, failure to inform him of the charges against him, and failure to allow him to inform someone of his arrest, wounded condition and confinement in the hospital. In view of the ruling in Monroe v. Pape, supra, this court is unable to state that it does not appear beyond doubt that the minor plaintiff can prove no set of facts in support of his

claim which would entitle him to relief. See Hughes v. Noble, 295 F.2d 495, 496 (5th Cir. 1961). He should, therefore, on the present state of the record, be given an opportunity to prove his allegations.[8] The record in this case shows that disputed issues of fact have been raised [compare, for example, the language used in the Complaint, the deposition of defendant Trapnell (Document No. 12), and the affidavit of Lillian Laird (Document No. 13), and see footnote 7]. Under the decisions of the United States Court of Appeals for this Circuit, defendant's Motion may not be granted on this record. See Bragen v. Hudson County News Company, 278 F.2d 615, 618 (3rd Cir. 1960); Krieger v. Ownership Corporation, 270 F.2d 265, 270 (3rd Cir. 1959); Frederick Hart & Co. v. Recordgraph Corporation, 169 F.2d 580, 583 (3rd Cir. 1948).

## ORDER

AND NOW, December 21, 1962, after consideration of the foregoing Motion, the attached briefs of counsel, and the record, IT IS ORDERED that defendant Trapnell's MOTION TO DISMISS (Document No. 8) is denied.

---

roe v. Pape, supra, 365 U.S. at p. 183, 81 S.Ct. at p. 481:

"It is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked."

See, also, Marshall v. Sawyer, 301 F.2d 639, 646 (9th Cir. 1962).

6. See Douglas v. City of Jeannette, Pa., 319 U.S. 157, 161–162, 63 S.Ct. 877, 87 L.Ed. 1324 (1943).

7. It appears from the record [including the deposition of the defendant (Document No. 12) and the affidavit of Lillian Laird filed by plaintiffs (Document No. 13)] that it might well be found that the defendant's actions were perfectly proper, that the minor plaintiff and his companions were pursued because the defendant, a police officer, had reasonable grounds to believe that a felony had been committed, or was being committed, and that they were the felons, that the shooting was necessary for their apprehension

or on the grounds of self-defense, or that it was accidental. It might also be found that the Complaint is not accurate in several other regards. It is not up to this court at this time, however, to rule on any of these factual matters. It is noted that a charge of justifiable action when there has been an allegation of denial of constitutional rights, privileges or immunities, is a matter of defense and is not a sufficient reason for dismissing a Complaint.

8. See Cohen v. Norris, supra, 300 F.2d at pp. 32–33. Note, also, the language used by the court in that case at p. 34 in reference to the Monroe decision, the court stating that it was attempting to give the decision neither a "broad or narrow" interpretation, but merely one required by the language of the United States Supreme Court. The court then stated that if said interpretation "opens the flood gates" to litigants seeking a federal remedy under the Civil Rights Act, the remedy is not for it or any other court to give a narrower interpretation but for Congress to change the Act.