Charles I. SPIESEL, Plaintiff,

v.

The CITY OF NEW YORK, Defendant.

United States District Court
S. D. New York.
Nov. 21, 1964.

---

[*] I have not been able to verify this from the record because the record is not available.

Charles I. Spiesel, New York City, plaintiff, pro se.

Leo A. Larkin, Corp. Counsel, New York City, for City of New York.

McLEAN, District Judge.

Plaintiff, appearing pro se, alleges in his complaint that over a period of several years police officers of the City of New York have subjected him to mental torture, that they have "hypnotized" him, and that they have harassed him in a variety of ways and have forced him to give up his business as an accountant. Plaintiff seeks damages against the City of New York. The City is the only defendant. Defendant moves pursuant to Rules 12(b) (1) and 12(b) (6) to dismiss the action on the ground that this court lacks jurisdiction over the subject matter and that the complaint fails to state a claim upon which relief can be granted.

The complaint alleges that jurisdiction is based on 28 U.S.C. § 1343(4) and on 28 U.S.C. § 1331(a). Section 1343(4) confers upon this court jurisdiction of an action to recover damages "under any Act of Congress providing for the protection of civil rights * *." The relevant Act of Congress is 42 U.S. C. § 1983. That section provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, * * * "

The law is settled that a municipal corporation is not a "person" within the meaning of this statute. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961); Spampinato v. City of New York, 311 F.2d 439 (2d Cir.1962); Fisher v. City of New York, 312 F.2d 890 (2d Cir. 1963); Scolnick v. Winston, 219 F Supp. 836 (S.D.N.Y. 1963).

There is another Act of Congress which is referred to in subdivisions 1 and 2 of 28 U.S.C. § 1343, although not in subdivision 4 of that section. This is 42 U.S.C. § 1985(3). That section provides that:

"If two or more persons in any State or Territory conspire or go in disguise on the highway * * * for the purpose of depriving * * * any person * * * of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws * * * the party so injured or deprived may have an action for the

recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

It may be that plaintiff has this statute in mind, even though his complaint does not specifically refer to it, for his complaint alleges that the New York police officers have "conspired with 'various others' " to perpetrate some of the wrongs of which plaintiff complains, one of which is that the police officers have "disguised themselves as friends and relatives of plaintiff and quickly passed plaintiff in public places." It is equally well settled that an action under Section 1985 does not lie against a municipal corporation any more than an action under Section 1983. Egan v. City of Aurora, supra; Spampinato v. City of New York, supra; Fisher v. City of New York, supra; Scolnick v. Winston, supra.

28 U.S.C. § 1343, therefore, does not confer jurisdiction upon this court over the subject matter of this action.

■ The other basis of jurisdiction asserted in the complaint is 28 U.S.C. § 1331, the "federal question" section which gives jurisdiction of actions wherein the matter in controversy exceeds $10,000 "and arises under the Constitution, laws or treaties of the United States." The complaint alleges that this action arises under the Fifth Amendment. Plaintiff is thus asserting that his claim arises under the Constitution. The rule is that the mere assertion of such a claim is sufficient to give the court jurisdiction to determine it, unless the claim is plainly unsubstantial. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, 13 A.L.R.2d 383 (1946); Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959).

■ A claim that the Fifth Amendment gives rise to plaintiff's claim against the City of New York is plainly unsubstantial, for it is well settled that the Fifth Amendment applies only to the acts of the federal government and its officers, not to states or municipalities. Scolnick v. Winston, supra. See Bell v. Hood, 71 F.Supp. 813 (S.D.Cal.1947) and cases therein cited.

■ It seems apparent, however, that plaintiff, a layman, has misspoken himself in referring to the Fifth Amendment, and that he should have referred to the Fourteenth. Since his contention is that jurisdiction exists because his claim arises under the Constitution and laws of the United States, I believe that the question is fairly raised as to whether any part of the Constitution, not merely the Fifth Amendment, is a valid basis for the claim. I will construe the complaint, therefore, as alleging, in effect, that the claim arises under the Fourteenth Amendment and under the laws of the United States.

Arguably, a contention that the claim here arises under the Fourteenth Amendment is also plainly unsubstantial, although it is not as patently frivolous as the contention that the Fifth Amendment gives rise to the claim. I will, however, give plaintiff the benefit of the doubt on this point. I therefore hold that the assertion of this claim under 28 U.S.C. § 1331 is sufficient to confer jurisdiction upon this court to decide it, and hence that the action should not be dismissed for lack of jurisdiction.

■ This brings us to the second branch of defendant's motion, i. e., the motion to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted. It is clear that this position is well taken. There is no possible room here for a claim under the Fifth Amendment, as I have pointed out, and there is controlling authority in this Circuit to the effect that the Fourteenth Amendment also affords no basis for relief in an action such as this. Fisher v. City of New York, supra; Scolnick v. Winston, supra.

Therefore, since the Constitution itself affords no basis for the claim, and since the only "laws of the United States" which could conceivably give rise to it are 42 U.S.C. §§ 1983 and 1985, which, as

previously noted, do not apply to municipalities, it follows that the complaint does not state a claim upon which relief can be granted and that defendant's motion to dismiss the action on that ground must be granted.

So ordered.