Robert C. TAYLOR, Plaintiff,

v.

PENNSYLVANIA BOARD OF PAROLE,
Harrisburg, Pennsylvania, Defendant.

Civ. A. No. 9843.

United States District Court
M. D. Pennsylvania.

Feb. 8, 1967.

MEMORANDUM

FOLLMER, District Judge.

Robert C. Taylor, an inmate at the State Correctional Institution, Huntingdon, Pennsylvania, has submitted a request to file a civil action, in forma pauperis, for "punitive damages" of $500,000.00 for violation of his Civil Rights under 42 U.S.C. § 1983, against the above named defendants.

In the complaint, Taylor alleges that an "agent for the Pennsylvania Board of Parole" arrested him as a parole violator and deprived him of certain constitutional rights.

The first question is whether the Pennsylvania Board of Parole is a "person" within the meaning of 42 U.S.C. § 1983. The definition of a "person" was considered in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) and Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961), wherein it was stated that a municipality is not a "person" within the meaning of 42 U.S.C. § 1983. Other cases have held, in regard to the Civil Rights Act, that the following are not "persons" : the United States, Broome v. Simon, 255 F. Supp. 434, 440 (W.D.La.1965) ; a state, Williford v. People of California, 352 F.2d 474, 476 (9th Cir. 1965) ; a county, Garrison v. County of Bernalillo, 338 F. 2d 1002, 1003 (10th Cir. 1964) ; a school district, Harvey v. Sadler, 331 F.2d 387, 390 (9th Cir. 1964) ; and a police department, United States ex rel. Lee v. People of Illinois, 343 F.2d 120 (7th Cir. 1965). Thus there is no doubt but that the Pennsylvania Board of Parole is not a "person" within the meaning of 42 U.S.C. § 1983, and it is not subject to suit thereunder.

Accordingly, leave to proceed in forma pauperis will be denied and the complaint will be dismissed.