**Jesse W. TOLEFREE, Appellant,**

**v.**

**Harry RITZ, Badge No. 19, City of Richmond Police Department, First Doe, Second Doe, Third Doe, Seventh Doe, Appellees.**

No. 20477.

United States Court of Appeals
Ninth Circuit.

Aug. 3, 1967.

Jesse W. Tolefree, in pro. per.

James P. O'Drain, City Atty., John R. Pierce, Deputy City Atty., Richmond, Cal., for appellees.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

Jesse W. Tolefree, proceeding pro. per., commenced this action under the Civil Rights Act, 28 U.S.C. § 1343(1), (3) and (4) (1964), and Rev.Stat. § 1979 (1875), 42 U.S.C. § 1983 (1964), to recover damages from Harry Ritz, the City of Richmond, and seven "Does."

Defendants moved to dimiss the action for lack of jurisdiction over the subject matter. The district court granted the motion with leave to amend. Plaintiff

filed an amended complaint. Defendants moved to dismiss the amended complaint for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted. The district court granted this motion and dismissed the action. Tolefree appeals.

■ The action was properly dismissed as to the City of Richmond. Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741; Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492. It was also properly dismissed as to the fictitious defendants. Molnar v. National Broadcasting Company, 9 Cir., 231 F.2d 684, 687. See, also, California Stevedore & Ballast Co. v. Pan-Atlantic Steamship Corporation, 9 Cir., 291 F.2d 252, 253. If plaintiff later ascertains the names of additional persons he wishes to join as defendants, the Federal Rules of Civil Procedure provide a way of doing so.

■ In his amended complaint Tolefree alleges sufficient facts to establish subject matter jurisdiction as to his Civil Rights Act claim against Ritz, and sufficient facts to state a claim against Ritz under that Act upon which relief can be granted. Accordingly, the action should not have been dismissed for either of these reasons.

Counsel for all of the appellees advises us in his answering brief that Ritz is now deceased. This presents a question not dealt with in the district court nor by the parties on this appeal, namely, does the civil rights action for damages survive the death of the only defendant left in the case? This is a matter to be taken up in the district court upon the remand of this cause. See Pritchard v. Smith, 8 Cir., 289 F.2d 153, 88 A.L.R. 2d 1146; Lauderdale v. Smith, D.C.Ark., 186 F.Supp. 958.

If the action does survive and if, in order to answer the amended complaint, Ritz' personal representative needs additional information concerning the nature of the Civil Rights Act claim asserted against him, he may move for a more definite statement. See Rule 12(e), Federal Rules of Civil Procedure.

Affirmed as to defendant City of Richmond and the fictitious defendants; reversed as to defendant Ritz, and remanded for further proceedings.