**Anwar KHAN, Plaintiff-Appellant,**

v.

**Patrolmen Alex J. GARANZINI and Robert N. Paille, and the City of Detroit, Defendants-Appellees.**

**No. 18750.**

United States Court of Appeals
Sixth Circuit.
May 28, 1969.

---

Anwar Khan, in pro. per.

Robert Reese, Corp. Counsel, William P. Doran, John E. Cross, Assts. Corp. Counsel, Detroit, Mich., for appellees.

Before O'SULLIVAN, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

Anwar Khan appeals from dismissal of a civil rights action, 42 U.S.C. § 1983, commenced against the City of Detroit and two of its police officers, appellees Alex J. Garanzini and Robert N. Paille. Appellant's complaint in the District Court contained the following:

"8. On or about August 28, 1966, at about 3:30 A.M., the plaintiff was brought to the 'emergency-operation room' of the Harper Hospital by his sister (Miss Maryren Khan); then and there nearly bleeding to death from multi-ordinal stab wounds. Actually the doctors there was fighting frantically to attempt to save the plaintiff's life in the process thereof.

"Then and there, the individual defendants, and each of them, did enter into the Harper Hospital, shoving, pushing and ordering said doctors and the plaintiff's sister out of their way;

and did the following acts, among others:

"(A) Defendants Garanzini & Paitte, entered the 'emergency-operation-room'—where the said plaintiff was being treated for said multi-ordinal stab wounds. The aforesaid defendants then and there shined their flashlights upon the face of the plaintiff while shouting threatening remarks at the plaintiff's sister (Miss Maryren Khan); and including the said attending doctors involved therein. Not getting the attention they desired, the said defendants and each of them immediately pulled their service revolvers out into sight, and pointed them at all of the persons who were in the said room.

"One of the two defendants commanded the plaintiff to rise from his operation table bed; and walk to the center of the room stark naked this being the result of this command the aforesaid plaintiff was forced to get out of his bed and walk to the center of the room stark naked and completely without clothing or other means to hide his nakedness.

"At this point the plaintiff's sister (Maryren Khan) made a vain attempt to come to the plaintiff's aid—she was threatened not to come near him, and also not to leave the said room to even call for any help—family or otherwise; of which she stated was her intentions. During the course of the aforesaid incident, the defendant Patrolman Garanzini, in the presence of Miss Maryren Khan, et als., cursed the plaintiff and threatened to shoot him if he did not obey the commands of the two defendants with alacrity.

"(B) While the events stated in paragraph (A) above, the defendants ordered the doctors to produce the plaintiff's clothes. These clothes were searched separately, meanwhile, the defendants ordered the plaintiff to dress himself. Subsequent to the events related in paragraph (A) the two defendants produced a pair of manacles

or handcuffs, and with them chained the hands of the plaintiff together. At this point the plaintiff had gained somewhat of a dazed consciousness as to what was taking place—and, then and there demanded the defendants to show him what lawful reason he was being treated in such an unlawful manner; in answer to the aforesaid question the defendants and each of them said, 'You are under arrest for murder'. Then the plaintiff and his sister both demanded to see the warrant for arrest—the answer to this question was, 'We do not need a warrant' to arrest anybody; and furthermore we are going to take him in 'for questioning.' Thereupon the individual defendants, and each of them, escorted the plaintiff from the aforesaid Harper Hospital to an automobile, which was parked in back of said hospital.

"(9) None of the individual defendants, at any of the times mentioned herein, and, more particularly, at the time and place of the events alleged in paragraph 8 above, had in his possession any warrant issued by any judge, court, or magistrate authorizing:"

Additional and colorful allegations followed. The complaint was verified by an affidavit which included the averment that appellant had "read the contents of said original complaint and subscribe[d] to the same as being true in substance as well as in fact."

■ The City of Detroit's motion to dismiss was appropriately granted upon authority of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961); Puett v. City of Detroit, 323 F.2d 591, 593 (6th Cir. 1963). A Motion to Dismiss or in the Alternative for Summary Judgment was filed on behalf of the police officers, supported by their affidavits in which each denied plaintiff's allegations and set out his account of the involved events. If true, these affidavits would negative any cause of action asserted by plaintiff. To this motion of defendants, plaintiff filed an unsworn pleading denominated "Motion to Dismiss Motion Filed by Defendants" in which he averred that the police officers' account of the relevant transaction was untrue.

The appellant has, throughout the course of this litigation, acted as his own attorney, being incarcerated in the Michigan State Prison at Jackson. He was acquitted of the charge of second degree murder which was the cause of his arrest at Harper Hospital on August 28, 1966. He was, however, convicted on a different charge of manslaughter and he is presently serving a five to fifteen year sentence therefor.

In granting summary judgment for the police officers, the District Judge stated:

"However, plaintiff filed no affidavit controverting under oath any of the factual statements contained in defendants' affidavits."

■ We fear that the Corporation Counsel overlooked the fact that appellant's complaint did, on oath, controvert the material factual statements in the police officers' affidavits and an issue of fact was thereby framed for trial. The fact that the complaint was verified no doubt was not called to the District Judge's attention and this fact is not noted in the briefs before us on this appeal. Rule 56(c), Fed.R.Civ.P., provides that summary judgment will be entered,

"If the *pleadings,* depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact * * *."
(Emphasis supplied.)

The verified complaint was part of the pleadings and although Rule 11 provides that pleadings "need not be verified," such verification is not forbidden and the plaintiff's verified complaint here is an affidavit which denies the facts set out in the police officers' affidavits. It is true that Rule 56(e) states that an adverse party "may not rest

upon the mere allegations or denials of his pleading," but we consider that this rule, fairly read, does not forbid use of the affidavit contained in a verified pleading to traverse the affidavits opposing it. Albert Dickinson Co. v. Mellos Peanut Co., 179 F.2d 265, 268 (7th Cir. 1950).

Dismissal of plaintiff's action against appellee City of Detroit is affirmed; summary judgment in favor of appellees Garanzini and Paille is reversed.