Robert M. PRESSMAN, Admr. of the Estate of James LeRoy Jones, a/k/a Danny LeRoy Jones, deceased,

v.

CHESTER TOWNSHIP and Eddystone Township and Lieutenant William J. Maitland.

Civ. A. No. 69–927.

United States District Court
E. D. Pennsylvania.

Dec. 18, 1969.

Plaintiff's complaint alleges that defendants Chester and Eddystone Townships are municipal corporations existing under and by reason of the laws of the Commonwealth of Pennsylvania and that decedent was willfully shot and killed by defendant William J. Maitland, a police officer who was acting within the scope of his employment and under color of state law as a servant or agent of the defendant townships. It is further alleged in plaintiff's complaint that the alleged assault committed by Officer Maitland was unprovoked and not contributed to by any act of plaintiff's decedent.

■ Presently before this Court for disposition is the motion of defendants Eddystone Township and Chester Township, under Rule 12(b) (6) F.R.Civ.P., to dismiss the complaint as to them for failure to state a claim upon which relief can be granted. Defendants assert two grounds for dismissal; namely, that both townships, as municipal corporations, are not "persons" within the meaning of the Civil Rights Act and, therefore, cannot be sued and that, as municipal corporations under Pennsylvania law, they are immune from liability when carrying out a governmental function. Both grounds raised by these defendants are well supported in law and justify dismissal of plaintiff's complaint as to them.

Benedict A. Casey, Jr., Philadelphia, Pa., for plaintiff.

Norman Paul Harvey, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

TROUTMAN, District Judge.

This cause of action was brought by Robert M. Pressman, administrator of the Estate of James LeRoy Jones, deceased, under the Civil Rights Act, 28 U.S.C. § 1343 and 42 U.S.C. § 1983, alleging that decedent's death resulted from a deprivation of his rights, privileges and immunities under both the Constitutions and laws of Pennsylvania and the United States. A second cause of action is alleged in diversity jurisdiction under the Pennsylvania Wrongful Death and Survival Statutes. 12 P.S. § 1601 et seq.; 20 P.S. § 320.601.

The Civil Rights Act provides that "[e]very *person* who, under color of any statute, * * * custom, or usage, of any State * * * subjects, or causes to be subjected, any citizen * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured * * *." 42 U.S.C. § 1983. Plaintiff's claim under the Civil Rights Act needs no great elaboration as the cases are quite clear that municipal corporations are not included within the meaning of the word "persons" in the Civil Rights Act. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741

(1961); Sires v. Cole, 320 F.2d 877 (9 Cir. 1963); United States ex rel. Gittlemacker v. Commonwealth, 281 F.Supp. 175 (E.D.Pa.1968); Roberts v. Trapnell, 213 F.Supp. 47 (E.D.Pa.1962); and cases cited in Annot. 42 U.S.C. § 1983 at nn. 17 & 215. The plaintiff in this case agrees that these two defendants are municipal corporations under Pennsylvania law. It is clear, therefore, that the complaint as it relates to Eddystone and Chester Townships cannot be sustained under the Civil Rights Act. Consequently, we will dismiss it for failure to state a claim upon which relief can be granted.

■ As there is diversity of citizenship in this case, we now consider whether these municipalities have immunity under Pennsylvania law.

In Stouffer v. Morrison, 400 Pa. 497, 162 A.2d 378 (1960) three policemen and the Borough of Shippensburg were sued for assault and battery committed by the police officers in the scope of their employment as police officers. The Pennsylvania Supreme Court sustained preliminary objections and dismissed the complaint as to the Borough of Shippensburg holding that the municipality was immune from liability for the tortious acts of its police officers. Since the officers were acting in the course of their employment as police officers, the Court characterized their activity as "clearly a governmental function", 400 Pa. at 500, 162 A.2d 378, and, therefore, the municipality could not be held liable for their negligent or willful torts. This was true even though the municipality had notice of prior unlawful acts committed by these same officers. *Id.* Although the Pennsylvania Supreme Court in more recent decisions has recognized a growing concern to abolish or change the doctrine of governmental immunity, a majority of that Court has, nevertheless, reaffirmed the viability of this doctrine as a part of Pennsylvania law. See Graysneck v. Heard, 422 Pa. 111, 220 A.2d 893 (1966); Dillon v. York City School District, 422 Pa. 103, 220 A.2d 896 (1966).

In the instant case plaintiff has alleged that Officer Maitland acted within the scope of his employment as a police officer. This is sufficient to warrant our conclusion that a governmental function was involved in this case. The municipalities here would clearly have immunity under the applicable Pennsylvania decisions cited above. We will, therefore, dismiss plaintiff's complaint as it relates to these municipalities.