**Dennis Ray GLASS, husband of Vickie Renee Lane Glass, and Loretta Harris, mother & next friend of Vickie Renee Lane Glass, minor daughter of Fred Lane, Deceased**

v.

**HAMILTON COUNTY, TENNESSEE, et al.**

**Civ. A. No. 6738.**

United States District Court,
E. D. Tennessee, S. D.

Aug. 29, 1973.

242

Atchley, Atchley & Cox, Chattanooga, Tenn., for plaintiffs.

Walter L. Lusk, Chattanooga, Tenn., for H. Q. Evatt.

Samuel H. Payne, Chattanooga, Tenn., for Hamilton County Council.

Don Moore, Jr., Chattanooga, Tenn., for Carl Locke, Warden.

## MEMORANDUM AND ORDER

FRANK W. WILSON, Chief Judge.

This is a civil action for damages for the alleged wrongful death of the plaintiff's father. The action is sought to be maintained in this court under the Federal Civil Rights Act (42 U.S.C. § 1983) and jurisdiction is predicated upon that statute and 28 U.S.C. § 1343.

The complaint alleges in substance that the plaintiff's decedent, while an inmate in the Hamilton County, Tennessee, workhouse, was assigned the task of cleaning paint off the boiler room floor with gasoline. It is alleged that in the performance of the task an explosion occurred resulting in the death of the plaintiff's decedent. Gross negligence in assigning the decedent to a hazardous task without proper supervision and in failing to adequately protect him while in prison is charged. Named as parties defendant are Hamilton County, Tennessee, the County Judge, members of the County Council, the Warden of the workhouse, and the Sheriff. It is charged that each defendant, by virtue of the duties of his office, and by virtue

of the negligence of subordinates, would be civilly responsible for the death of the plaintiff's decedent under the provisions of 42 U.S.C. § 1983. Each defendant has filed a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, contending that the complaint fails to allege a claim for which relief can be granted in this court.

As stated, the plaintiff bases her cause of action upon 42 U.S.C. § 1983, which provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ Section 1983 protects only federal rights that are violated under color of state law. *See* Wood v. Maryland Casualty Co., 322 F.Supp. 436 (W.D.La. 1971). That is, the plaintiff must show that the defendant, while acting under color of state or local authority, subjected the plaintiff, or caused the plaintiff to be subjected, to the deprivation of any rights, privileges or immunities secured to the plaintiff by the Constitution and the laws of the United States. *See* Nugent v. Sheppard, 318 F.Supp. 314 (N.D.Ind.1970). *See also* Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492 (1961).

■ It may be noted at the outset that no action would lie under 42 U.S.C. § 1983 against Hamilton County, Tennessee, as it is now well settled that a county or other local governmental entity is not a "person" within that provision of the federal statute making every "person" liable who deprives another of his federal rights under color of state law. *See* Egan v. Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741; Monroe v.

Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L. Ed.2d 492; Hewitt v. Jacksonville, 188 F.2d 423 (5th Cir. 1951), *cert. denied*, 342 U.S. 835, 72 S.Ct. 58, 96 L.Ed. 631.

■ Turning to the motion to dismiss filed on behalf of the individual defendants, it is apparent that there are two essential requirements to the allegation of a cause of action under 42 U.S.C. § 1983. In the first place, it must appear that the defendant is charged with having acted "under color of" state law, rather than merely in a private capacity. The present complaint would appear to meet this requirement as each defendant is charged with having acted in his official capacity. Some problem may exist as to whether the complaint alleges individual wrongdoing on the part of each defendant or whether the wrongdoing of others is sought to be imputed to one or more of the defendants, but the complaint, when read in the light most favorable to the plaintiff, may be read as charging personal negligence on the part of each defendant rather than merely charging imputed negligence. It should be noted in this regard that an action will not lie under Section 1983 where liability is sought to be imputed under principles of *respondeat superior*. *See* Barrows v. Faulkner, 327 F.Supp. 1190 (N.D.Okla.1971).

The second essential requirement to the allegation of a cause of action under Section 1983 is that the complaint allege a violation by the defendant of the plaintiff's rights, privileges or immunities secured by the Federal Constitution or laws. It is with respect to this prerequisite that the present complaint appears to be fatally deficient. The allegation in the complaint is clearly stated in terms of an injury inflicted by means of a negligent wrong having been committed by the defendants. It is of course settled that negligent conduct may be the basis for a recovery under 42 U.S.C. § 1983. Puckett v. Cox, 456 F.2d 233 (6th Cir. 1972). See also the unpublished opinion of this Court in Henry v. Cagle, et al, 6011. However, negligent conduct, like other tortious

conduct, must violate some federal constitutional right of the plaintiff to be actionable under Section 1983. For example, in Puckett v. Cox, *supra,* the Court held that the negligence of prison officials in allowing a mentally ill patient to roam freely within the institution and to injure the plaintiff did not constitute a denial of the Equal Protection Clause or other provisions of the federal constitution and therefore did not state a cause of action under Section 1983.

██ It is likewise clear that the allegation in the complaint in this lawsuit fails to aver any conduct on the part of a defendant, negligent or otherwise, that might be construed as constituting a violation of any of the plaintiff's decedent's constitutional rights. The assignment to a hazardous task under the facts here alleged, while it may have been negligent, did not constitute a denial either of due process or equal protection, nor can it be said to be cruel and unusual treatment. *See* Roberts v. Williams, 456 F.2d 819 (5th Cir. 1972); Furman v. Georgia, 408 U.S. 238, 92 S. Ct. 2726, 33 L.Ed.2d 346 (1972). Compare Anderson v. Nosser, 456 F.2d 835 (5th Cir. 1972) with the panel decision in the same case, Anderson v. Nosser, 438 F.2d 183 (5th Cir. 1971).

While the averments in the complaint may be sufficient to state a cause of action sounding in tort under the law of Tennessee, it fails to aver an action over which this Court would have jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. In view of the conclusion thus reached, it is unnecessary for the Court to consider such matters as the possible immunity from suit of some or all of the defendants, or the issue of whether a wrongful death action would lie under Section 1983. The decision of the Court will be without prejudice to any cause of action the plaintiff may have under the state law. The extent of the Court's holding here is simply that the complaint fails to allege a cause of action as to any party defendant under the provisions of 42 U.S.C. § 1983.

It is accordingly ordered that this lawsuit be and the same is hereby dismissed as to each party defendant for failure of the complaint to allege a cause of action under 42 U.S.C. § 1983.

Approved for entry.