Lyndon H. LaROUCHE, Jr., also known as Lyn Marcus, Individually and as National Chairman of the National Caucus of Labor Committees, et al., Plaintiffs Pro Se,

v.

The CITY OF NEW YORK, et al., Defendants.

No. 74 Civ. 150–LFM.

United States District Court, S. D. New York.

Jan. 24, 1974.

**566**

Lyndon H. LaRouche, Jr., pro se.

Adrian P. Burke, Corp. Counsel, New York City, for Municipal defendants; Elliot P. Hoffman, of counsel.

Paul J. Curran, U. S. Atty., for the Southern District of New York, New York City, for defendant United States of America; Mel P. Barkan and William S. Brandt, Asst. U. S. Attys., of counsel.

## OPINION

MacMAHON, District Judge.

Plaintiffs, in this civil rights action brought under 42 U.S.C. § 1983, seek, pro se, a preliminary injunction enjoining defendants from acting, under color of law, to deprive plaintiffs of their rights, privileges and immunities, as guaranteed by the United States Constitution. Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted. Rule 12(b)(6), Fed.R.Civ.P. We grant the motions to dismiss and, therefore, do not reach plaintiffs' application for a preliminary injunction.

Plaintiffs are members of the National Caucus of Labor Committees (NCLC), a Socialist political organization with members in the United States and Europe. They claim that the Central Intelligence Agency (CIA), in combination with a "psychological warfare agency of the government of the United Kingdom," has subjected certain members of the NCLC to brainwashing.

Plaintiffs allege that the CIA's brainwashing activities, which allegedly include the use of torture, drugs and electro-shock, are designed to compel their victims to assassinate NCLC's leaders, including plaintiff Lyndon R. LaRouche, Jr., National Chairman of NCLC. Plaintiffs claim that one Richard White, an NCLC member and a citizen of Great Britain, was recently brainwashed in England and travelled to the United States for the purpose of assassinating Mr. LaRouche. Plaintiffs allegedly have de-brainwashed or "de-programmed" Mr. White, a technique in which Mr. LaRouche claims considerable expertise.

Defendants New York Police Department (NYPD) and the City of New York are alleged to have cooperated with the CIA by refusing to investigate assassination threats against Mr. LaRouche and by "knowingly tampering with and suppressing essential evidence in this case." Plaintiffs seek preliminary and permanent injunctions enjoining defendants' activities insofar as they interfere with plaintiffs' constitutional rights.

In the face of these bizarre charges, the various defendants move to dismiss the § 1983 action for failure to state a claim upon which relief can be granted.

### The Municipal Defendants

■■ The Supreme Court has held municipalities are not "persons" within the meaning of 42 U.S.C. § 1983 and, therefore, may not be sued under that

statute,[1] and this is true even if a plaintiff seeks only equitable relief.[2] Thus, plaintiffs have failed to state a § 1983 claim against the City of New York.

Similarly, political subdivisions of a municipality or state, such as police departments, cannot be sued under § 1983.[3] Therefore, plaintiffs may not sue NYPD under § 1983, and the complaint must be dismissed as to both the City and NYPD.

■ A complaint under § 1983 must set forth more than vague, conclusory allegations charging a defendant's participation in a conspiracy. Plaintiffs must "allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy."[4]

■ Here, plaintiffs have failed to make even one specific allegation of conduct linking the individual defendants Codd and Finnegan to the alleged conspiracy. The complaint merely states "that the defendants Codd and Finnegan are utilizing their positions as officials of the NYPD in furtherance of this conspiracy." Although plaintiffs allege specific acts which they claim were part of the conspiracy, neither Codd nor Finnegan are alleged to have participated in any of those acts. Even applying liberal pleading standards to plaintiffs' pro se complaint,[5] it fails to meet the requirement of particularity set forth in Powell v. Workmen's Compensation Bd. of the State of New York, 327 F.2d 131 (2d Cir. 1964), and therefore does not state a claim against Codd or Finnegan.[6]

### The Federal Defendants

■ The CIA and William Colby also seek to dismiss the complaint for insufficiency. The statute, 42 U.S.C. § 1983, applies only to persons acting under color of state or territorial law. Therefore, the statute cannot apply to federal officers, such as Colby, who act only under federal law.[7] Similarly, neither the United States nor its agencies may be sued under 42 U.S.C. § 1983.[8] Therefore, plaintiffs have failed to state a claim against defendants CIA and Colby and the complaint must be dismissed.

Accordingly, the motions of all defendants to dismiss the complaint for failure to state a claim upon which relief can be granted, Rule 12(b)(6), Fed. R.Civ.P., are granted.

So ordered.

1. Monroe v. Pape, 365 U.S. 167, 191, 81 S. Ct. 473, 5 L.Ed.2d 492 (1961); Moor v. County of Alameda, 411 U.S. 693, 709–710, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961).

2. City of Kenosha, Wisconsin v. Bruno, 412 U.S. 507, 513, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

3. United States ex rel. Lee v. Illinois, 343 F.2d 120 (7th Cir. 1965); Burmeister v. New York City Police Dep't, 275 F.Supp. 690, 695 (S.D.N.Y.1967).

4. Powell v. Workmen's Compensation Bd. of the State of New York, 327 F.2d 131, 137 (2d Cir. 1964).

5. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

6. Cf. Serzysko v. Chase Manhattan Bank, 461 F.2d 699, 703 (2d Cir. 1972).

7. Wheeldin v. Wheeler, 373 U.S. 647, 650 n.2, 652, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963); Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 456 F.2d 1339, 1346–1347 (2d Cir. 1972); Norton v. McShane, 332 F.2d 855, 862 (5th Cir. 1964), cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965); Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949).

8. Accardi v. United States, 435 F.2d 1239 (3d Cir. 1970).