145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
D.C. HOLLINGSWORTH ENTERPRISES, INC., Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA; Department of Agriculture,
Defendants-Appellees.
 No. 97-16063.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1998.
June 2, 1998.
 
 Appeal from the United States District Court for the Eastern District of California.
 Before: SNEED and TROTT, Circuit Judges, and WALLACH.**
 MEMORANDUM*
 COYLE, J., Presiding.
 
 
 1
 We affirm the district court's holding. The district court did not clearly err when it found that Appellant, D.C. Hollingsworth Enterprises, Inc.,[1] "did not comply with the applicable statute of limitations in seeking judicial review." Appellant did not seek judicial review until approximately four months after he received the letter from the USDA informing him of the withdrawal of his food stamp authorization. Appellant's failure to seek review of the USDA's decision within thirty days deprived the district court of jurisdiction. See 7 C.F.R. § 279.10.
 
 
 2
 Appellant was not deprived of due process. The district court correctly held that process was available, Appellant simply did not avail himself of it. This Circuit and several others have held that the availability of a "trial de novo in which the existence of a violation is examined afresh, and the parties are not limited in their arguments to the content of the administrative record, satisfies the strictures of due process." Kim v. United States, 121 F.3d 1269, 1274-75 (9th Cir.1997) (citing cases from five circuits). Due process may thus be satisfied even when no evidentiary hearing was held at the administrative level. Id.
 
 
 3
 The district court also did not err when it rejected Appellant's takings claim. Even assuming Appellant had a cognizable property interest in food stamps collected prior to the USDA's withdrawal of his authorization, he certainly did not have one after the agency had withdrawn his authorization pursuant to the new Congressional requirements. "[N]ew legislation altering or eliminating the right ... does not contravene the Due Process or Takings Clauses of the Constitution." Story v. Green, 978 F.2d 60, 63 (citing Atkins v. Parker, 472 U.S. 115, 128, 105 S.Ct. 2520, 86 L.Ed.2d 81 (1985)).
 
 
 4
 Finally, the district court correctly held that it lacked jurisdiction over the USDA on Appellant's § 1983 claim because the USDA's sovereign immunity has not been waived. FDIC v. Meyer, 510 U.S. 471, 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); cf. Egan v. City of Aurora, 365 U.S. 514, 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961) ("persons" within the meaning of 42 U.S.C. § 1983 does not include municipalities).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The Honorable Evan J. Wallach, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because D.C. Hollingsworth Enterprises, Inc. acts through its president, David C. Hollingsworth, we refer to the Appellant as "he ." The Corporation is the entity appealing, however