P. D. SHERROD, Rosevelt Sherrod, an infant by his parent P. D. Sherrod, et al., Plaintiffs,

v.

The PINK HAT CAFE, Davis Jones, Mrs. Merlin Jones, and Vance Jones, Defendants.

No. GC6536.

United States District Court
N. D. Mississippi,
Greenville Division.

Dec. 20, 1965.

R. Jess Brown, Alvin J. Bronstein, Jackson, Miss., for plaintiff.

W. Scott Thompson, Hollandale, Miss., Philip Mansour, Greenville, Miss., for defendant.

CLAYTON, District Judge.

P. D. Sherrod and other Negroes sued Davis Jones, Mrs. Merlin Jones and Vance Jones jointly, alleging a violation of the Civil Rights Act of 1964 in that according to the complaint the above named defendants were owners of the Pink Hat Cafe located in Hollandale, Mississippi, and had refused service to the plaintiffs. All parties are residents of Mississippi. A hearing was had on plaintiffs' motion for a preliminary in-junction and the court found the Pink Hat Cafe to be owned by Mrs. Merlin Jones alone and also found it to be a place of public accommodation within the meaning of the Civil Rights Act of 1964 and that plaintiffs had been refused service there. A temporary injunction was issued against Mrs. Jones, her agents, servants and employees and all acting in concert with her, to prevent any further refusal of service to plain-tiffs and members of the class they rep-resent.

The plaintiff P. D. Sherrod alone as-serts a second cause of action against all defendants, alleging in substance that these defendants conspired to deprive plaintiff of his equal civil rights in the use of the facilities of said cafe and that in furtherance of said conspiracy and in keeping with the custom and prac-tice in that area, defendant Vance Jones committed an assault and battery on Sherrod with an automobile. By this in-dividual cause of action, Sherrod seeks money damages.

The defendants Mrs. Merlin Jones and Davis Jones filed a motion to dismiss this second cause of action, alleging lack of jurisdiction of the subject matter; lack of jurisdiction over the persons; failure to state a claim upon which relief can be granted and that the necessary jurisdictional amount in reality is lack-ing. This motion was submitted to the court on briefs of the parties and is now for disposition.

Defendants place their principal reli-ance on two cases, Rogers v. Provident Hospital, etc., 241 F.Supp. 633 (D.C.Ill. 1965) and Fullerton v. Monongahela Con-necting Railroad Company et al., 242 F. Supp. 622 (D.C.Pa.1965), in furtherance of their position that the various civil rights statutes relied on by plaintiff Sherrod do not confer jurisdiction on this court and do not permit a suit such as this to be maintained here. But, de-fendants' reliance on these cases is mis-placed. In Rogers the claim was that plaintiff suffered injuries as a result of being refused medical treatment at a Chicago hospital. He sought to recover

damages against the hospital in a federal court under the Fourteenth Amendment and under 42 U.S.C. §§ 1983 and 1985. The court dismissed the complaint against the hospital, holding that no cause of action was stated. Referring particularly to section 1983 it noted that nowhere had plaintiff alleged that the hospital employees were acting under color of law, "or that they acted pursuant to some custom or usage in this community . . . ." 241 F.Supp. at 638. Such allegations are made in the complaint in the case here.

The court in *Rogers* also specifically noted that there was no allegation that the plaintiff was refused medical treatment on racial grounds, or for any discriminatory purpose. It also took note of the fact that the hospital was not a public accommodation within Title II of the Civil Rights Act of 1964. The court refused to apply the doctrine of pendent jurisdiction on the basis that plaintiff's claims under federal law were totally without merit.

In the present case, however, there is an allegation that the acts complained of were done pursuant to custom, practice and usage in this area of racial discrimination against Negroes and this court, as aforementioned, has found the Pink Hat Cafe to be a place of public accommodation and has issued its temporary injunction to allow all the plaintiffs in this case and the members of the class they represent to use its facilities on a non-discriminatory basis.

*Fullerton* is a case entirely different from the case at bar. It was an action for damages alone against a carrier and others based upon an alleged attempt by defendants to prevent plaintiff from recovering against the carrier in a Federal Employers' Liability Act case. One of the bases for recovery set forth by plaintiff was 42 U.S.C. § 1983. The court in dismissing this contention correctly observed that section 1983 required color of law, custom or usage and that there was no suggestion of this in the allegations of the complaint. Pendent jurisdiction was also rejected on the ground that the federal claim was entirely unsubstantial. But, as has been pointed out, there is a substantial federal claim in the present case.

It is also noted that none of the points raised in *Fullerton* is relevant to plaintiff Sherrod's contention that this court has jurisdiction over his claim under 42 U.S.C. § 1988.

The doctrine of pendent jurisdiction would, as this court believes, be sufficient for this court to exercise and have jurisdiction over this claim. This doctrine found its origins in the practice of courts of equity once they have jurisdiction over a cause to grant complete relief in order to avoid the necessity and inconvenience of a separate lawsuit. In Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933) this doctrine was described by the Supreme Court and it has been extensively applied as shown by the decisions of many of the lower federal courts. The situation involved in *Hurn* was copyright infringement and unfair competition, but the doctrine is not restricted to that type case. Strachman v. Palmer, 177 F.2d 427, 12 A.L.R.2d 687 (1st Cir. 1949); Manosky v. Bethlehem-Hingham Shipyard, 177 F.2d 529 (1st Cir. 1949).

In *Manosky* the court, inter alia, said:

Though there was no independent basis of federal jurisdiction over the claim for unpaid incentive payments, the court below, having acquired jurisdiction of the case in its entirety, had an incidental or pendent jurisdiction to adjudicate not only the federal claim, but also the related non-federal claim with which it was so closely interwoven. (177 F.2d at 534.)

There is no question in the present case that the complaint presents a substantial federal claim, a claim to equal and non-discriminatory service at a public accommodation under the Civil Rights Act of 1964. And, Sherrod's claim for damages, bottomed on state law, arises out of the same situation or transaction and involves most, if not all, of the same evidence giving rise to the federal claim.

And, evidence necessary to establish the claim to damages asserted by Sherrod under state law, probably would also be relevant and admissible on the question of a violation of Title II of the Civil Rights Act. As is claimed by plaintiff, the automobile assault by Vance Jones on Sherrod was one of the means used to deprive plaintiffs of the right to service at the Pink Hat Cafe and was committed with the purpose and effect of punishing him for attempting to assert federal rights and to deter such future assertion.

▪ ■ Moreover, a second basis which sustains the jurisdiction of this court on Sherrod's claim exists in 42 U.S.C. § 1988. That section provides:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter [which includes the Civil Rights Act of 1964] and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and the laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

■ This is a broad congressional direction to the federal court system to draw on state law when to do so will carry out and fulfill the purposes of other congressional enactments designed to protect persons in their civil rights. The Civil Rights Act of 1964 is such an enactment, designed to protect persons in such rights and in particular to protect them in the right to equal and non-discriminatory treatment in public accommodations. Hence, state law may be resorted to here to supply a remedy in damages that is not specifically provided by the Civil Rights Act of 1964.

In this circuit, the case of Brazier v. Cherry, 293 F.2d 401 (5th Cir. 1961), supports this view. That case was brought under 42 U.S.C. § 1983 for damages for wrongful death resulting from a beating given to decedent by police officers. That section does not provide any wrongful death action, but speaks merely of recovery by the person who has been deprived of his rights. Nevertheless, the court construed section 1988 to authorize it to look to state law and apply the state wrongful death statute. In reaching this result, the court said, inter alia, the following:

Indeed, § 1988 uses sweeping language. It reflects a purpose on the part of Congress that the redress available will effectuate the broad policies of the civil rights statutes. . . . [Section 1988] comprehends those facilities available in local state law but unavailable in federal legislation, which will permit the full effectual enforcement of the policy sought to be achieved by the statutes.

\* \* \* \* \*

Thus § 1988 declares a simple, direct, abbreviated test: what is needed in the particular case under scrutiny to make the civil rights statutes fully effective? The answer to that inquiry is then matched against (a) federal law and if it is found wanting the court must look to (b) state law currently in effect. To whatever extent (b) helps, it is automatically available, not because it is procedure rather than substance, but because Congress says so.

There seems to be no valid reason why a right to damages for injuries inflicted upon a person as a result of depriving him of his rights under the Civil Rights Act of 1964, should not be considered as fulfilling and making effective the purpose of that act in the same way that the state wrongful death act makes effective the purpose of section 1983. See also Pritchard v. Smith, 289 F.2d 153, 88 A.L.R.2d 1146 (8th Cir. 1961).

There is nothing in the Civil Rights Act that precludes this result. Section 207(b) provides that the remedies set forth in the Act shall be the exclusive means of enforcing rights based on the Act, but it also explicitly provides that nothing in the Act "shall preclude any individual . . . from asserting any right based on any other Federal or State law not inconsistent with this subchapter . . . or from pursuing any remedy, civil or criminal, which may be available for the vindication or enforcement of such right." 42 U.S.C. § 2000a–6(b). Thus section 1988 is retained, in full effect, and the rights that it authorizes to be drawn from state law to achieve the purposes of federal enactments designed to protect civil rights, are fully available to a plaintiff who has been deprived of rights conferred upon him by Title II of the 1964 Act. If Congress had intended to negate this result, it would have said so. There is no repeal of section 1988 in the 1964 Act.

■ Further, plaintiff Sherrod's action for damages is maintainable under 42 U.S.C. § 1983. That section provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The leading case interpreting this section is Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), in which recovery in damages was sought against city police on the claim that they had deprived plaintiffs of their rights under color of law. The district court in which the suit was filed dismissed the complaint for failure to state a cause of action and the court of appeals affirmed. Certiorari was granted and the case upon submission was reversed by the Supreme Court. Much of the language in that case is applicable here, since the allegations of the complaint taken in their most favorable light are sufficient to encompass a claim of state action since it is claimed that members of the Hollandale police force were present during plaintiff's efforts to gain entrance to the Pink Hat Cafe and did nothing to assist them. It may be also that the allegations of the complaint are sufficiently broad to permit proof of the existence, if it is available, of a situation in the City of Hollandale of long prevailing custom and usage, supported by law and official action in various forms, designed to deny equal enjoyment of places of public accommodation to members of the Negro race. It is not necessary to establish state action, as required by the Fourteenth Amendment, and in this case, section 1983, that local law or a local ordinance actually prohibits serving Negroes except in segregated facilities. Much more subtle forms of state involvement have been held sufficient. See Lombard v. State of Louisiana, 373 U.S. 267, 83 S.Ct. 1122, 10 L.Ed.2d 338 (1963) and Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45.

This court's view that it does have jurisdiction of the claim stated on behalf of Sherrod in the complaint as now drawn is buttressed by 42 U.S.C. § 1985(3), which reads:

If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privi-

521

leges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

From what has been said, it seems clear that the motion of defendants should be overruled, and an order to do this will be entered.