UNITED STATES of America ex rel. Lawrence Thomas WASHINGTON, G. Sylvia Washington

v.

CHESTER COUNTY POLICE DEPARTMENT, Chester, Pennsylvania.

Civ. A. No. 68–2300.

United States District Court E. D. Pennsylvania.

Jan. 9, 1969.

**1158**

---

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

The plaintiffs have applied for leave to file and prosecute a claim under the Civil Rights Act, 42 U.S.C. § 1981 et seq., without payment of court costs pur-

suant to 28 U.S.C. § 1915. Fairly summarized, Lawrence Washington and his wife claim substantial damages for a severe beating subsequent to their arrest on May 28, 1968. They allege that racial slurs were used during the arrest and beating, that Mrs. Washington was clubbed trying to retrieve her child, and that when Lawrence Washington went to her aid "rains of blows" fell upon him. Finally, they claim they were beaten solely because they are Negroes.

Insofar as the complaint purports to state a claim under Title 42 U.S.C. § 1983, it is patently without merit. Neither a municipal corporation,[1] such as Chester, nor its police department[2] is a "person" within the meaning of § 1983. However, Title 42 U.S.C. § 1981 provides in pertinent part:

> "All persons within the jurisdiction of the United States shall have the same right in every State  *  *  * to the benefit of all laws  *  *  * for the security of persons  *  *  * as is enjoyed by white citizens  *  *  *."

District Courts have jurisdiction to enforce the rights given by § 1981, 28 U.S.C. § 1331 and § 1343(4), cf. Jones v. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), and it is by no means clear that the defendant must be a "person," unlike a claim arising under § 1983. The complaint alleges in paragraph 2 that "defendants  *  *  * are today employment against plaintiffs the vicious and ferocious oppesive [sic] methods made eternally infamous by the warlords, tyrants and barons of that era in their vain endeavors to suppress and totally annihilate all negro [sic] who are arrest [sic]." Further, the complaint indicates that plaintiffs were brutally beaten because they are black. These allegations seem on their face to allege a systematic policy of racism on the part of defendants and a violation of the right of equal protection. Were the complaint based

---

1. Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

2. United States ex rel. Lee v. People of the State of Illinois, 343 F.2d 120 (C.A.7, 1968).

solely on § 1983, we would deny leave to proceed *in forma pauperis,* since it is clear that these defendants are not "persons" within the meaning of that section. However, the claim under § 1981 is on a different footing. The law under that section is not as clear, crystalized and well-settled as is the judicial gloss on § 1983.

Since the action is not frivolous in the sense of being completely "without merit," leave to proceed *in forma pauperis* is granted. Cf. Kelly v. Butler County Board of Commissioners, 399 F.2d 133 (C.A. 3, 1968).

It is so ordered.