**UNITED STATES of America ex rel. Lawrence Thomas WASHINGTON, G. Sylvia Washington**

v.

**CHESTER COUNTY POLICE DEPARTMENT, CHESTER, PENNSYLVANIA.**

Civ. A. No. 68–2300.

United States District Court
E. D. Pennsylvania.

July 2, 1969.

**1280**

William Goldstein, Philadelphia, Pa., for plaintiffs.

White & Williams, Joseph V. Pinto, Philadelphia, Pa., for defendant.

## OPINION

Joseph S. Lord, III, District Judge.

The plaintiffs brought this action under the Civil Rights Act, 42 U.S.C. §§ 1981 et seq. to recover compensatory and punitive damages for a beating allegedly administered by agents of the defendant, motivated solely by racial prejudice. The plaintiffs are Negroes. Although the defendant was not a "person" within the meaning of 42 U.S.C. § 1983, we granted leave to proceed *in forma pauperis* because we thought that Section 1981 may have given the plaintiffs a right of action against defendants not persons within the meaning of Section 1983. United States ex rel. Washington v. Chester County Police Department, 294 F.Supp. 1157 (E.D.Pa., 1969).

The defendant now has moved to dismiss and, in the alternative, for a more definite statement. For the reasons discussed below, we deny the motion to dismiss. In light of the plaintiffs' request for leave to amend the complaint so that the City of Chester may be substituted as defendant in place of the Chester County Police Department, presumably a non-existent entity (the City of Chester is in Delaware, not Chester, County), we deny also the motion for a more definite statement.[1] The plaintiffs are given leave to amend the complaint as requested.

[1]. The complaint was served on the City of Chester. The use of the word "County" in the caption is merely a misnomer.

## I. SECTION 1981

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

Not in dispute here is the fact that the allegations of the complaint fairly state a cause of action under Section 1981. The sole basis of the motion to dismiss is that Section 1981 provides no remedy in damages. While it is true that some courts have stated that money damages are not recoverable under Section 1981, Hanna v. Home Insurance Co., 281 F.2d 298 (C.A. 5, 1960), *cert. den.*, 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747 (1961); Watson v. Devlin, 167 F.Supp. 638 (E.D. Mich., 1958), *aff'd*, 268 F.2d 211 (C.A. 6, 1959); Hirych v. State, 376 Mich. 384, 136 N.W.2d 910 (1965), these decisions merely state their conclusions, appear to be guided solely by the lack of an express authorization to recover damages, and disregard totally the mandate of 42 U.S.C., § 1988, see discussion *infra*. Significantly, we believe, the Supreme Court has left open the question of recoverability of money damages in regard to 42 U.S.C. § 1982, a statute *in pari materia* with Section 1981, which was also derived from the Civil Rights Act of 1866. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 414 at n. 14, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). In an early case for damages brought under Sections 1981 and 1983, moreover, the court denied the defendant's demurrer to the complaint. Ho Ah Kow v. Nunan, 12 Fed. Cases 6546, 5 Sawy. 552 (1879).

To begin with, " 'The fact that the statute lay partially dormant for many

The amendment does not add a new party; it merely clarifies the description of defendant.

years cannot be held to diminish its force today.'" Jones, *supra*, 392 U.S. at 437, 88 S.Ct. at 2202 (quoting the Attorney General at the oral argument of that case). Sections 1981 and 1982 both derive from the Civil Rights Act of 1866, which was designed to "enforce the Thirteenth Amendment which in § 1 abolished 'slavery' and 'involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted' and in § 2 gave Congress power 'to enforce this article by appropriate legislation.'" Jones, *supra*, at 444, 88 S.Ct. at 2205 (concurring opinion of Mr. Justice Douglas). Protecting black citizens from police brutality perpetrated solely because of race would work a "removal of one of many badges of slavery." *Id.*[2]

What the Supreme Court said of Section 1982 may also be said of Section 1981, to wit: "[t]he fact that [it] is couched in declaratory terms and provides no explicit method of enforcement does not, of course, prevent a federal court from fashioning an effective remedy." Jones, *supra*, at 414, n. 13, 88 S. Ct. at 2190. We think that our power to fashion an effective remedy for the vindication of rights specifically granted in Section 1981 under the authority of the Civil War Amendments is in no way diminished when we sit on the law side. See, *e. g.*, J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). "It is not uncommon for federal courts to fashion federal law where federal rights are concerned." Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 457, 77 S.Ct. 912, 918, 1 L.Ed.2d 972 (1957).

## II. SECTION 1988

But our responsibilities for the protection of rights secured in Section 1981 are not merely a function of our inherent power as a federal court to vindicate federal rights; we are obliged by congressional mandate to search the common law in order to "furnish suitable remedies" under the Civil Rights Act. 42 U.S.C. § 1988:

"The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; *but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies* and punish offenses against law, *the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held* so far as the same is not inconsistent with the Constitution and laws of the United States, *shall be extended to and govern the said courts in the trial and disposition of the cause,* and, if it is of a criminal nature, in the infliction of punishment on the party found guilty." (Emphasis supplied.)

Just as the Supreme Court held in *Jones* that in a civil rights case the chancellor had the power to fashion a remedy under ancient equity power, so too we must establish the law under the even more ancient power of the common law judge. "In civil rights cases, federal courts should use that combination of federal law, common law and state law as will be best adapted to the object of the civil rights laws and must use common law powers to facilitate and not to hinder proceedings in vindication of civil rights. 42 U.S.C.A. § 1988." Brown v. City of Meridian, 356 F.2d 602, 605 (C.A. 5, 1966).

A case strikingly similar to the present one is Sherrod v. Pink Hat Cafe, 250 F.Supp. 516 (N.D.Miss., 1965). An action for injunctive relief was brought by the plaintiffs against the owners of a public accommodation for their refusal to

---

2. "'Slaves were not considered men * * * they could be punished at will.' W. Du-

bois, Black Reconstruction in America 10 (1935)." *Id.*

serve the plaintiffs and others in their class. The gravamen of the complaint was a conspiracy in violation of the Civil Rights Act of 1964, §§ 201 et seq., 42 U.S.C. §§ 2000a et seq. One plaintiff asserted a second claim, for money damages, "alleging in substance that these defendants conspired to deprive plaintiff of his equal civil rights in the use of the facilities of said cafe and that in furtherance of said conspiracy and in keeping with the custom and practice in that area, defendant Vance Jones committed an assault and battery on Sherrod with an automobile." 250 F.Supp. at 517. Motions to dismiss based on, *inter alia,* lack of subject matter jurisdiction and failure to state a claim for which relief could be granted were denied. Although the court based its decision in part on the doctrine of pendent jurisdiction over a state claim, it stated that a second basis of jurisdiction was Section 1988.

"This is a broad congressional direction to the federal court system to draw on state law when to do so will carry out and fulfill the purposes of other congressional enactments designed to protect persons in their civil rights. The Civil Rights Act of 1964 is such an enactment, designed to protect persons in such rights and in particular to protect them in the right to equal and non-discriminatory treatment in public accommodations. Hence, state law may be resorted to here to supply a remedy in damages that is not specifically provided by the Civil Rights Act of 1964." 250 F.Supp. at 519.

Section 1981 is designed for similar purposes and similarly we turn to state law in order to supply a remedy in damages.[3] Thus, a liberal reading of Section 1981 alone and a strict reading of Section 1988 lead us to the same result. In view of the fact that an action for damages will lie for battery at common law,

and that the rule in Pennsylvania is no different, we hold that a plaintiff may recover damages where a defendant commits a battery in violation of the plaintiff's rights under Section 1981. 42 U.S.C. §§ 1981 and 1988.

---

3. Cases have supplemented Section 1983 with state law under Section 1988. In Brazier v. Cherry, 293 F.2d 401 (C.A.5, 1961), the court held that a wrongful death action could be brought under Section 1983. Pritchard v. Smith, 289 F.2d 153, 88 A.L.R.2d 1146 (C.A.8, 1961) held that an action for damages under Section 1983 survives the death of the plaintiff.