**William A. FOLK, Jr. and Mary Folk, his wife, Plaintiffs,**

v.

**James C. WILSON et al., Defendants.**

**Civ. A. No. 3878.**

United States District Court, D. Delaware.

June 12, 1970.

Karl J. Parrish, Wilmington, Del., for plaintiffs.

Alfred M. Isaacs, Flanzer & Isaacs, Wilmington, Del., for defendants.

## MEMORANDUM OPINION AND ORDER

LATCHUM, District Judge.

Plaintiffs bring this action [1] under the Federal Civil Rights Act, 42 U.S.C. §§ 1981, 1983, 1985(3), to recover compensatory and punitive damages from defendants for personal injuries allegedly sustained when they were shot and wounded by two city police officers on April 8, 1968. The named defendants are two police officers and the former Chief of Police, Police Commissioner and Mayor of The City of Wilmington.

Plaintiffs have moved to add The City of Wilmington as a party defendant. The question is whether The City of Wilmington is a proper party to this action.

 It is undisputed that The City of Wilmington is a municipal corporation in the State of Delaware. It is equally clear that a municipality is not a "person" within the meaning of 42 U.S.C. § 1983 or § 1985. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961); United States ex rel. Gittlemacker County of Philadelphia, etc., 413 F.2d 84 (C.A.3, 1969); Spiesel v. City of New York, 239 F.Supp. 106 (S.D.N.Y.1964), aff'd 342 F.2d 800 (C.A.2, 1965), cert. den. 382 U.S. 856, 86 S.Ct. 109, 15 L.Ed.2d 94 (1965), reh. den. 382 U.S. 922, 86 S.Ct. 295, 15 L.Ed.2d 238 (1965). Obviously, the City is not a proper party defendant in this case under either § 1983 or § 1985.

 Plaintiffs also contend, relying upon United States ex rel. Washington v. Chester County Police Department, 294 F.Supp. 1157 (E.D.Pa.1969) and 300 F. Supp. 1279 (E.D.Pa.1969), that they may proceed against the municipality to vindicate their civil rights declared in 42 U.S.C. § 1981 and that the Court is empowered to fashion an effective remedy for the violation of these rights under § 1988. Section 1981 provides, in part, as follows:

"All persons within the jurisdiction of the United States shall have the same right in every State * * * to the full and equal benefit of all laws and proceedings * * * for the security of persons * * * as is enjoyed by white citizens * * *."

It is difficult to understand why a municipality which is not subject to a suit for damages as a "person" by reason of deprivation of federal rights under § 1983 and § 1985 can be sued for damages by reason of depriving an individual of the identical rights under § 1981. See Mack v. Lewis, 298 F.Supp. 1351 (S.D. Ga.1969).

In any event, this Court need not choose between these two views. The decision in the *Washington* case turned on the allegations of racial discrimination against the plaintiffs by the municipality. For instance, the Court noted that the complaint sought damages "for a beating allegedly administered by agents of the defendant, *motivated solely by racial prejudice*." In short, Judge Lord's decision was based on affording relief to "black citizens from police brutality perpetrated solely because of race." 300 F.Supp. 1281. In this situation, he opined that the federal rights declared in § 1981 could be vindicated against a munncipality under § 1988. Be that as it may, the instant complaint contains no such allegations. It is not based on the City's alleged prejudice against plaintiffs because of race. Thus, the Court concludes that the *Washington* case, regardless of its validity, is not apposite here.

Accordingly, the Court concludes that the City is not a proper party defendant in this action under 42 U.S.C. §§ 1981, 1983 or 1985.

---

1. Jurisdiction is alleged to exist under 28 U.S.C. § 1343.