Dorothy **GAUTREAUX** et al., Plaintiffs,

v.

The **CHICAGO HOUSING AUTHORITY**
et al., Defendants.

**No. 66 C 1459.**

United States District Court
N. D. Illinois, E. D.

March 2, 1967.

Alexander Polikoff, Charles R. Markels, Bernard Weisberg, Milton I. Shadur, Merrill A. Freed, Chicago, Ill., for plaintiffs.

John W. Hunt, Kathryn M. Kula, Edmund H. Sadowski, Chicago, Ill., for defendants.

## RULING ON MOTIONS AND ORDER

AUSTIN, District Judge.

Plaintiffs, all Negroes and either tenants in or applicants for public housing, by this suit challenge, on behalf of themselves and all others similarly situated, the Constitutional validity of the site selection policy of the Chicago Housing Authority. Plaintiffs allege that since 1950, the CHA has selected sites, deliberately or otherwise, for public housing projects almost exclusively within neighborhoods the racial composition of which was all or substantially all Negro at the time the sites were acquired, for the purpose of, or with the result of, maintaining existing patterns of urban residential segregation by race in violation of the Fourteenth Amendment.

Defendants move to dismiss the suit, claiming that plaintiffs lack standing to sue or are barred by laches and that this is an improper class action. After careful consideration of the briefs, affidavits, and arguments of counsel, the Court holds that plaintiffs have standing to maintain this action and that it is a proper class action. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Singleton v. Board of Commissioners, 356 F.2d 771 (5th Cir. 1966); Potts v. Flax, 313 F.2d 284 (5th Cir. 1963). Nor are plaintiffs barred by laches.

■ What is at issue here is not the quality of the contacts with the CHA of individual tenants or applicants but rather whether the site selection policy of the CHA has been and is being administered without regard to considerations of race. This issue transcends any particular individual's relationship to the system, and plaintiffs, as present and future users of the system, have the right under the Fourteenth Amendment to have sites selected for public housing projects without regard to the racial composition of either the surrounding neighborhood or of the projects themselves. Possessing this right and being of the opinion that it is being denied them, plaintiffs may maintain this action to determine whether their opinion is correct, and if it is, to secure an appropriate remedy to insure protection of their right. 42 U.S.C. § 1983. Defendants' motion to dismiss the suit for lack of standing, laches, or for the reason that it is an improper class action is denied.

■ Defendants move to dismisss Count II, predicated on Section 601 of the Civil Rights Act of 1964, 42 U.S.C. 2000d, for failure to state a claim under that section. Defendants' position has been considered and rejected in Bossier Parish School Board v. Lemon, 370 F.2d 847, 5th Cir., January 5, 1967. While much is to be said for defendants' position in light of the legislative history surrounding the enactment of Title VI of the Civil Rights Act of which Section 601 is a part,[1] and in light of the

---

1. See H.Rep. 915, 88th Cong. 2d Sess., at pp. 2391, 2401 of U.S.Cong. and Admn. News, 1964, Vol. 2; Additional views of Hon. George Meader, U.S.Cong. and Adm.News, 1964, Vol. 2 at pp. 2412, 2425–2426.

reasoning found in Judge Robson's opinion in Green Street Association v. Daley, 250 F.Supp. 139 (N.D.Ill.1966), aff'd on other grounds, 373 F.2d 1, 7th Cir., January 25, 1967, the Court feels compelled to adhere to the construction of Section 601 found in *Lemon* and not specifically disapproved by Court of Appeals for the Seventh Circuit when confronted with an opportunity to do so in Green Street Association v. Daley, supra. Defendants' motion to dismiss Count II is therefore denied.

■■ Defendants move to dismiss Counts III and IV of the Complaint for failure to state a claim upon which relief may be granted because they do not allege that defendants implemented their site selection policy with the deliberate intent to deprive plaintiffs of rights secured them by the Fourteenth Amendment. Defendants' motion to dismiss Counts III and IV is sustained because plaintiffs must in fact prove, or prove facts from which the inference necessarily follows, that defendants were prompted in their selection of sites at least in part by a desire to maintain concentration of Negroes in particular areas or to prevent them from living in other areas. A public housing program, conscientiously administered in accord with the statutory mandates surrounding its inception [2] and free of any intent or purpose, however slight, to segregate the races, cannot be condemned even though it may not affirmatively achieve alterations in existing patterns of racial concentration in housing, however desirable such alterations may be. A showing of affirmative discriminatory state action is required. Bell v. School City of Gary, Indiana, 324 F.2d 209, 213 (7th Cir. 1963), cert. denied 377 U.S. 924, 84 S.Ct. 1223, 12 L.Ed.2d 216 (1964); Thompson v. Housing Authority of City of Miami, 251 F.Supp. 121, 123–124 (S. D.Fla.1966); Deal v. Cincinnati Board of Education, 369 F.2d 55, 63 (6th Cir. 1966); United States v. Chemical Foundation, 272 U.S. 1, 47 S.Ct. 1, 71 L.Ed.

131 (1926); Webb v. Board of Education, 223 F.Supp. 466, 469 (N.D.Ill.1963). See also, Green Street Association v. Daley, supra, at p. 6 of 373 F.2d; Progress Dev. Corp. v. Mitchell, 286 F. 2d 222, 231 (7th Cir. 1961). To accept plaintiffs' contention that allegation and proof of an intent to discriminate among the races is unnecessary is to conclude that the mere placement of public housing projects that will in all probability be occupied largely by tenants of a specific race in neighborhoods containing a significant number of residents of the same race is in itself an act of discrimination forbidden by the Fourteenth Amendment, regardless of the many other factors, imposed here by statute,[3] such as need, cost, and rehabilitation of deteriorating neighborhoods. The Constitution compels no such conclusion; rather it commands only that defendants administer the site selection aspect of their housing program untainted by any design to concentrate Negro or white tenants in some areas to the exclusion of other areas.

■■ Defendants move for summary judgment as to Counts I and II, asserting that no material issues of fact are present, and that the allegations of those Counts are clearly and demonstrably untrue. Summary judgment is rarely, if ever, appropriate where, as here, motive and intent are important to a resolution of the issues and never where, as here, serious questions of fact remain unresolved, as, for example, the racial composition of the neighborhoods involved. For these reasons, defendants' motion for summary judgment is denied.

In reaching these conclusions, the Court did not consider, except as indicated on oral argument, the contents of the documents that form the basis of plaintiffs' requests for admissions. The Court finds it unnecessary, therefore, to rule on defendants' objections to those requests since they were made only insofar as the documents bore on the issues raised by defendants' motions to dismiss.

2.  Ill.Rev.Stat. ch. 67½, Secs. 1, 2 et seq.

3.  See Note 2, supra.

It is hereby ordered that:

(1) Defendants' motion to dismiss the entire suit is denied;

(2) Defendants' motions to dismiss Counts III and IV are sustained;

(3) Defendants' motions to dismiss or in the alternative for summary judgment as to Counts I and II are overruled; defendants are given 20 days within which to answer Counts I and II.