■ DAVID DANCHAK, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 45113.) — AULISI, J. Appeal from a judgment entered upon a decision of the Court of Claims dismissing a claim against the State for damages for false arrest and malicious prosecution. The trial court properly dismissed the cause of action for false arrest where, as here, the claim was not filed until April 13, 1965 more than 90 days after it accrued. Claimant was arrested, arraigned and released without bail on July 4, 1964 and following his indictment on October 27, 1964, he was again arraigned, pleaded not guilty and released without bail on November 12, 1964. It is well settled that a claim for false arrest accrues at the time of arraignment and release on bail (*Huff* v. *State of New York*, 27 A D 2d 892; *Bomboy* v. *State of New York*, 26 A D 2d 974). The cause of action for malicious prosecution was also properly dismissed for failure of proof that claimant was prosecuted without probable cause and with malice, both of which he must allege and sustain the burden of proof. It is not necessary for the defendant in this type of action to establish that the person arrested was actually guilty and it may well turn out that he was innocent (see *Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276). There is in this record no evidence whatever to prove that the State's police officer acted with malice and without probable cause. The opposite is the fact. The information sworn in the Court of Special Sessions by said officer was based not only on his own investigation which included talking with claimant and which revealed that he was one of the bartenders on the

night in question, but was supported by the sworn depositions of five witnesses that minors were served alcoholic beverages on June 27, 1964 by all the bartenders. At the trial there was proof that claimant admitted that he did not believe the State Police were out to get him and that there was no malice on their part. Long ago Judge VANN said in *Burt* v. *Smith* (181 N. Y. 1, 5, app. dsmd. 203 U. S. 129.) "A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure. * * * While malice is the root of the action, malice alone even when extreme, is not enough, for want of probable cause must also be shown." Moreover, the indictment by the Grand Jury is prima facie evidence of probable cause and, in our opinion, claimant failed to meet this prima facie evidence by proof that the police officer did not make a full and complete statement of the facts or that there was misrepresentation or falsehood (see *Hopkinson* v. *Lehigh Val. R. R. Co.,* 249 N. Y. 296; *Eberhardt* v *Consolidated Edison Co. of N. Y.,* 1 A D 2d 1001, affd. 3 N Y 2d 968; *Goldstein* v. *Siegel,* 19 A D 2d 489). A review of claimant's other contentions shows them to be also without substance. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Aulisi, J.