**Leonard SYMKOWSKI, Plaintiff,**

**v.**

**William MILLER and Robert Kovnesky, police officers of the City of St. Francis, a Wisconsin municipal corporation, Louis Frank, chief of police of the said City of St. Francis, Stephen Bzdusek and George Stollenwerk, police officers of the City of Cudahy, a Wisconsin municipal corporation, and the City of St. Francis, a Wisconsin municipal corporation, Defendants.**

**No. 66–C–278.**

United States District Court
E. D. Wisconsin.

Jan. 20, 1969.

Richard P. Klinkowitz, Milwaukee, Wis., for plaintiff.

Francis R. Croak, Milwaukee, Wis., for defendants William Miller, Robert Kovnesky, Louis Frank, and City of St. Francis.

Richard S. Gibbs, Milwaukee, Wis., for defendants Stephen Bzdusek and George Stollenwerk.

## OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

REYNOLDS, District Judge.

Plaintiff in this action seeks to recover money damages from certain policemen and municipalities for alleged violations of his constitutional rights pursuant to 42 U.S.C. §§ 1983, 1985(2), 1986, and 28 U.S.C. §§ 1331(a) and 1343.

By stipulation, the complaint was dismissed as to the City of Cudahy. A motion for judgment on the pleadings has been filed by the City of St. Francis. Motions for summary judgment have been filed by defendants Robert Kovnesky, Stephen Bzdusek and George Stollenwerk. Defendants William Miller and Louis Frank are not joined in these motions.

In essence, the situation which has given rise to this lawsuit was a tragic case of mistaken identity. The facts in this case are complex and will be stated only to the extent necessary to decide these motions.

Late one night in October 1965, plaintiff was awakened by the burglar alarm in his place of business which is located very near his home. Plaintiff had his wife call the police and he dressed and went to investigate, taking his shotgun with him. As he approached his place of business, he saw an unlighted automobile parked in the driveway. He also noticed a figure near this car. Believing this to be the burglar or an accomplice, and believing that the figure was pointing a gun at him, plaintiff shot. The person he shot turned out to be Officer Robert Kovnesky of the City of St.

Francis Police Department. Kovnesky fell to the ground and remained there during the ensuing events. Shortly after the shooting, Officer William Miller, also of the City of St. Francis Police Department, and Officers Stephen Bzdusek and George Stollenwerk of the City of Cudahy Police Department arrived on the scene. Upon discovering that a brother officer had been injured and that plaintiff was responsible for the injury, Officer Miller shouted at plaintiff and struck him at least once. (The extent of the physical altercation is subject to much dispute, and the court at this time intimates no opinion on the scope or extent thereof.) The Cudahy officers were, at that time, standing in the near vicinity, and one of them told Officer Miller, in effect, to leave plaintiff alone.

All the officers then departed, apparently taking the injured officer to the hospital and the burglar, who had been apprehended at some point during the episode, to the police station. Later that same day, Officer Miller returned, arrested plaintiff, and conveyed him to the St. Francis police station. During his stay at the station, plaintiff apparently had some contact with Police Chief Louis Frank of St. Francis.

A criminal complaint was issued against plaintiff charging him with endangering safety by reckless conduct in the operation of a firearm because of his shooting Officer Kovnesky. The case was twice tried in the county courts in Milwaukee County. The first trial resulted in a mistrial; the second resulted in acquittal. It is plaintiff's contention that at both of these trials, defendants Kovnesky and Miller of St. Francis and Bzdusek of Cudahy testified falsely in order to conceal their own actions.

The motions now before the court raise essentially three questions:

First: Is the City of St. Francis a proper party to this action?

Second: Does the allegation of false testimony at a criminal trial which results in acquittal state a cause of action under the federal civil rights statutes?

Third: Are the undisputed facts relating to the conduct of defendants Kovnesky, Bzdusek, and Stollenwerk sufficient to warrant summary judgment in favor of any of said defendants?

These issues will be treated in the order stated.

## IS A MUNICIPAL CORPORATION A PROPER PARTY TO THIS ACTION?

■ It is undisputed that the City of St. Francis is a municipal corporation in the State of Wisconsin. It is equally clear that a municipality is not a "person" within the meaning of Title 42 United States Code, §§ 1983, 1985, and 1986. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961); United States ex rel. Lee v. Illinois, 343 F.2d 120 (7th Cir. 1965). Consequently, this action must be dismissed as against the City of St. Francis.

## IS FALSE TESTIMONY IN A CRIMINAL TRIAL WHICH RESULTS IN ACQUITTAL ACTIONABLE UNDER THE FEDERAL CIVIL RIGHTS STATUTES?

■ The pleadings and affidavits in this action leave in dispute the question of whether, in fact, false testimony was given by defendants Kovnesky and Miller of St. Francis and Bzdusek of Cudahy at the criminal trials of plaintiff. It is undisputed, however, that plaintiff was ultimately acquitted. Consequently, in view of the acquittal, it is difficult to discern how plaintiff's trials were either fundamentally unfair or otherwise infringed upon his constitutional rights.

No case has been suggested to this court, and this court has found none, in which acquittal in a criminal trial nonetheless provided the grounds for a civil action for the deprivation of constitutional rights of the party acquitted.

There is nothing in the pleadings or affidavits to indicate that the prosecution knowingly used perjured testimony, if such testimony was in fact given. All cases which have come to the attention

of this court require that the state *knowingly* use such perjured testimony in order to obtain a conviction before such perjury can be considered a violation of the constitutional rights of the person against whom it is used. Hysler v. Florida, 315 U.S. 411, 62 S.Ct. 688, 86 L.Ed. 932 (1942); White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348 (1945); United States ex rel. O'Connell v. Ragen, 212 F.2d 272 (7th Cir. 1954), cert. denied 348 U.S. 847, 75 S.Ct. 71, 99 L.Ed. 667.

The undisputed fact of acquittal, therefore, makes it appropriate for summary judgment to be granted in favor of defendants Kovnesky, Miller, and Bzdusek; and the complaint should be dismissed as to these defendants insofar as the allegations relate to the conduct of such defendants at the criminal trials of the plaintiff in the state courts.

## DO THE UNDISPUTED FACTS ESTABLISH A RIGHT TO SUMMARY JUDGMENT FOR THE DEFENDANTS?

The conduct of each of the defendants who has moved for summary judgment was somewhat different. For convenience, therefore, the conduct of each will be separately discussed.

■ Plaintiff alleges that he shot defendant Kovnesky under the mistaken belief that Kovnesky was an accomplice of the burglar on plaintiff's premises. At the initial encounter and shooting, plaintiff alleges no actions at all by Kovnesky after the shots were fired. Kovnesky did nothing but lay on the ground. On the basis of these events, it is difficult to see how such actions could be construed as a deprivation by Kovnesky of the constitutional rights of the plaintiff.

Plaintiff further asserts that Kovnesky was responsible for the second prosecution against plaintiff, and that this deprived plaintiff of equal protection of the laws. However, plaintiff has submitted no affidavit to contradict that of Assistant District Attorney William Duski which states, in effect, that Kovnesky had no control over the decision to prosecute plaintiff. Consequently, even if plaintiff's allegations in this regard state a cause of action under 42 U.S.C. § 1983, this court is of the opinion that Kovnesky would be entitled to summary judgment on this aspect of the case.

As to Kovnesky, then, this court is of the opinion that plaintiff has not alleged facts which state a cause of action under either 42 U.S.C. §§ 1983, 1985(2), or 1986.

■ The facts as to defendants Bzdusek and Stollenwerk differ from those relating to Kovnesky. Plaintiff alleges that Bzdusek and Stollenwerk witnessed a beating inflicted upon him by Officer Miller and did nothing to prevent it. In the opinion of this court, these allegations do state a cause of action under 42 U.S.C. §§ 1983 and 1986. Affidavits submitted in support of the motion for summary judgment by these defendants state, in effect, that Stollenwerk told Miller to stop beating plaintiff. The time which elapsed between the initial blow and the statement by Stollenwerk, however, is unclear. It is also unclear where these officers stood in relation to plaintiff and Miller at that time. Therefore, this court cannot rule that the actions of Bzdusek and Stollenwerk in this instance were sufficient as a matter of law to absolve them from liability under 42 U.S.C. §§ 1983 and 1986. Their motions for summary judgment, insofar as they relate to the cause of action under these statutes, will, therefore, be denied.

For all the foregoing reasons,

It is therefore ordered that the complaint as against the City of St. Francis be and it is hereby dismissed.

It is further ordered that summary judgment in favor of defendant Robert Kovnesky be and it is hereby granted, and as to said defendant, the complaint shall be and it is hereby dismissed.

It is further ordered that summary judgment in favor of defendants Stephen Bzdusek and George Stollenwerk shall be and it is hereby granted in part

and denied in part. Summary judgment is hereby granted in favor of these defendants as to all allegations in paragraphs 18 and 19 of the complaint; in all other respects summary judgment as to these defendants is hereby denied.