Bobby Lee SAMS, Plaintiff,

v.

NEW YORK STATE BOARD OF
PAROLE et al., Defendants.

No. 72 Civ. 2074.

United States District Court,
S. D. New York.

Dec. 11, 1972.

William E. Fuller, New York City, for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for defendant New York State Board of Parole; Robert S. Hammer, Asst. Atty. Gen., of counsel.

Robert R. Prince, New York City, for defendant New York State Metropolitan Transit Authority.

John G. deRoos, Brooklyn, N. Y., for defendant New York City Transit Authority; Norman F. Russakoff, Albert C. Cosenza, New York City, Transit Authority, Brooklyn, N. Y., of counsel.

EDWARD WEINFELD, District Judge.

The arrest of plaintiff, who was in possession of a loaded revolver, has spawned this action for alleged violation of civil rights. He asserts two claims: one, under 42 U.S.C., section 1983, upon allegations that his arrest under color of law was without probable cause and in violation of his constitutional rights, and the other, under 42 U.S.C., section 1985, that the defendants conspired to interfere with and deprive him of his civil rights. Defendants are the New York State Board of Parole, New York

State Metropolitan Transit Authority, and the New York City Transit Authority (hereafter City Transit Authority), from whom damages are sought in the sum of $150,000.[1]

The matter is before the court on a motion made by the City Transit Authority pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure to dismiss the action on the grounds that (1) the court lacks subject matter jurisdiction in that the City Transit Authority is not a "person" within the meaning of 42 U.S.C., sections 1983 and 1985, and (2) the complaint fails to state a claim against the City Transit Authority upon which relief can be granted.

■ On this motion we are concerned only with the claims advanced against the City Transit Authority. The first count, stripped to its essentials, alleges that under color of statute and upon a mere pretext and without probable cause plaintiff was arrested by the City Transit Authority's police officers upon a felony charge, and thereby imprisoned and otherwise deprived of his rights, privileges and immunities secured to him by the Constitution and laws of the United States and the State of New York. The arresting officers are not named as defendants; instead, plaintiff has sued their employer, a public benefit corporation created by the State Legislature in 1953.[2] It is well settled since Monroe v. Pape [3] that a municipal corporation is not a "person" within the purview of either section 1983 [4] or section 1985.[5] The logical extension of the doctrine makes it applicable to the State [6]

1. In addition, equitable relief is sought against the Parole Board, but not against the City Transit Authority. See note 15 *infra.*

2. N.Y.Pub.Auth.Law § 1201(1) (McKinney 1970). The City Transit Authority is to be regarded as performing a governmental function. *Id.* § 1202(2) ; *see* New York City Transit Authority v. Loos, 2 Misc.2d 733, 739, 154 N.Y.S.2d 209, 215 (Sup.Ct.1956), aff'd, 3 A.D.2d 740, 161 N.Y.S.2d 564 (1st Dep't 1957).

3. 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

4. "[W]e are of the opinion that Congress did not undertake to bring municipal corporations within the ambit of [42 U.S.C. § 1983]." *Id.* at 187, 81 S.Ct. at 484. *See* Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961) (per curiam) ; Brown v. Town of Caliente, 392 F.2d 546 (9th Cir. 1968) ; Fisher v. City of New York, 312 F.2d 890 (2d Cir.), cert. denied, 374 U.S. 828, 83 S.Ct. 1866, 10 L.Ed.2d 1051 (1963) ; Spampinato v. City of New York, 311 F.2d 439 (2d Cir. 1962), cert. denied, 372 U.S. 980, 83 S. Ct. 1115, 10 L.Ed.2d 144 (1963) ; Symkowski v. Miller, 294 F.Supp. 1214 (E.D. Wis. 1969) ; Spiesel v. City of New York, 239 F.Supp. 106 (S.D.N.Y.1964), aff'd per curiam, 342 F.2d 800 (2d Cir.), cert. denied, 382 U.S. 856, 86 S.Ct. 109, 15 L. Ed.2d 94 (1965). *But see* Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358 (1971), cert. granted sub nom. District

of Columbia v. Carter, 404 U.S. 1014, 92 S.Ct. 683, 30 L.Ed.2d 661 (1972) (appeal argued Nov. 6, 1972). In *Carter* the court of appeals refused to dismiss a complaint against the District of Columbia, among other defendants, wherein recovery was sought upon common law theories of vicarious liability and negligence, as well as under § 1983. However, whatever the final determination of *Carter*, it will not control the ultimate disposition of the case at bar in view of the holding in Part II of this opinion.

5. *See, e. g.,* Symkowski v. Miller, 294 F. Supp. 1214 (E.D.Wis.1969) ; Spiesel v. City of New York, 239 F.Supp. 106 (S.D. N.Y. 1964), aff'd per curiam, 342 F.2d 800 (2d Cir.), cert. denied, 382 U.S. 856, 86 S.Ct. 109, 15 L.Ed.2d 94 (1965) ; Scolnick v. Winston, 219 F.Supp. 836, 839– 840 (S.D.N.Y. 1963), aff'd per curiam sub nom. Scolnick v. Lefkowitz, 329 F.2d 716 (2d Cir.), cert. denied, 379 U.S. 825, 85 S.Ct. 49, 13 L.Ed.2d 35 (1964). Although innumerable cases cite Monroe v. Pape as also being applicable to § 1985, the Court specifically stated that § 1985 was not before it for consideration. 365 U.S. at 169–170 n. 2, 81 S.Ct. 473.

6. *See* United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84, 86 (3d Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970) ; Williford v. California, 352 F.2d 474, 476 (9th Cir. 1965) ; Edwards v. New York, 314 F.Supp. 469, 471 (S.D. N.Y. 1970).

and governmental agencies, such as a state department of social services,[7] state boards of parole,[8] state courts,[9] a city-owned hospital,[10] city police departments,[11] a city rent & rehabilitation administration,[12] and school districts.[13] This defendant City Transit Authority also has been held immune from suits under the Monroe v. Pape doctrine.[14]

■ Since the City Transit Authority, state-created, is a public benefit corporation and performs a governmental function, the court holds that it is not a "person" within the ambit of section 1983, and accordingly the claim against it for money damages[15] under that section is dismissed for lack of subject matter jurisdiction.[16]

■■ Entirely apart from the foregoing, plaintiff's claim under section 1983 and his purported claim under section 1985, charging a conspiracy must be dismissed since the complaint, separately considered, as well as the affidavits submitted by the movant, which plaintiff has failed to rebut, establish probable cause for his arrest. The affidavits may be considered in support of a motion for summary judgment under Rule

7. Rosado v. Wyman, 414 F.2d 170, 178 (2d Cir. 1969) (opinion of Hays, J.), rev'd on other grounds, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970).

8. Bennett v. California, 406 F.2d 36, 39 (9th Cir.), cert. denied, 394 U.S. 966, 89 S.Ct. 1320, 22 L.Ed.2d 568 (1969); Glancy v. Parole Bd., 287 F.Supp. 34, 36 (W. D. Mich. 1968); Taylor v. Pennsylvania Bd. of Parole, 263 F.Supp. 450 (M.D. Pa. 1967).

9. Zuckerman v. Appellate Div., 421 F.2d 625 (2d Cir. 1970); Pinkus v. Arnebergh, 258 F.Supp. 996, 1003 (C.D.Cal. 1966).

10. United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84, 86 (3d Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970).

11. United States ex rel. Lee v. Illinois, 343 F.2d 120 (7th Cir. 1965); Nugent v. Sheppard, 318 F.Supp. 314, 315 (N.D. Ind. 1970); Burmeister v. New York City Police Dep't, 275 F.Supp. 690, 695 (S.D. N.Y. 1967).

12. Israel v. City Rent & Rehab. Admin., 285 F.Supp. 908, 911 (S.D.N.Y. 1968).

13. Harvey v. Sadler, 331 F.2d 387, 390 (9th Cir. 1964); Blount v. Ladue School Dist., 321 F.Supp. 1245, 1250 (E.D. Mo. 1970). But cf. Porcelli v. Titus, 302 F. Supp. 726, 730 (D.N.J. 1969), aff'd on other grounds, 431 F.2d 1254 (3d Cir. 1970), cert. denied, 402 U.S. 944, 91 S.Ct. 1612, 29 L.Ed.2d 112 (1971).

14. Rudine v. New York City Transit Authority, Civil No. 70–1500 (E.D.N.Y., May 21, 1971), where the court, in dismissing an action against the City Transit Authority under § 1983, held:

"The Authority is 'a body corporate and politic constituting a public corporation' (N.Y. Public Authorities Law § 1201(1)). As such, it is an arm or agency of the state, and is not a 'person' within the meaning of 42 U.S.C. § 1983. Therefore the court lacks subject matter jurisdiction under 28 U.S.C. § 1343, and the action against the Authority must be dismissed."

15. Whether the same rule applies where equitable or declaratory judgment relief is sought against a municipality or other governmental entity has not been definitively determined. The Court's footnote 50 in Monroe, see 365 U.S. at 191 n. 50, 81 S.Ct. 473, has stirred considerable controversy and led to divergent holdings with respect to equitable or declaratory judgment claims. See cases cited in Comment, Suing Public Entities Under the Federal Civil Rights Act: Monroe v. Pape Reconsidered, 43 U.Colo.L. Rev. 105, 107, 111–14 (1971).

16. Upon oral argument, plaintiff's counsel stated that the City Transit Authority, as well as several housing authorities, had been successfully sued in the past, citing no cases to support his contention. The court's independent research indicates that such authorities were subjected to jurisdiction in the following matters: Taylor v. New York City Transit Authority, 433 F.2d 665 (2d Cir. 1970); Holmes v. New York City Housing Authority, 398 F.2d 262 (2d Cir. 1968); Kissinger v. New York City Transit Authority, 274 F.Supp. 438 (S.D.N.Y.1967); Gautreaux v. Chicago Housing Authority, 265 F.Supp. 582 (N.D.Ill.1967); Thompson v. Housing Authority, 251 F.Supp. 121 (S.D.Fla.1966). However, the issue before this court on the present motion appears not to have been specifically considered in those actions.

56.[17] Plaintiff, afforded an opportunity to submit opposing affidavits, rested upon his complaint. However, that pleading, by itself, is not sufficient to counter the allegations of the moving affidavits. Plaintiff, if he had evidence to support his claim, was required to present it so that the court could decide if indeed there is an issue of fact requiring a trial.[18]

 Plaintiff, according to his complaint, was arrested by two New York City Transit Authority patrolmen without a warrant. The validity of such an arrest by police officers is governed by state law in the absence of a federal statute defining the requirements.[19] Police officers sued under section 1983 in connection with arrests made by them can assert the defense of good faith and probable cause.[20] Under New York State law, a police officer may arrest a person when he has reasonable cause [21] to believe that the person has committed a crime, whether in his presence or otherwise.[22] Plaintiff was arrested under the following circumstances. At 2:45 a. m. on May 5, 1972, City Transit Authority Patrolman Gagliardi, while on routine patrol duty with fellow officer Fleitman in the subway station at West 4th Street, New York City, observed plaintiff smoking in the subway, a violation of New York City's Health Code.[23] While Gagliardi was issuing a summons for this violation to plaintiff, a pistol

fell from plaintiff's person to the ground. This is a hard fact which admits of no dispute under plaintiff's own complaint. The officer picked up the loaded pistol and thereupon arrested the plaintiff for violation of section 265.-05(2) of the Penal Law.[24] Under the circumstances, there cannot be the slightest doubt that the police officer had reasonable cause to believe a crime was being committed in his presence.

 Plaintiff, however, seeks to negate the showing of reasonable cause solely by reference to allegations in his complaint. Even accepting those allegations of the complaint, and without reference to the police officers' affidavits, it still appears they had sufficient reasonable cause to arrest plaintiff. The complaint alleges that plaintiff:

"[W]as approached by Patrolman Gagliardi, and another, who alleged to have observed Plaintiff smoking. Plaintiff voluntarily surrendered the loaded pistol to Patrolman Gagliardi by permitting the weapon to fall to the ground through his pants leg and made the foregoing explanation of his lawful and incidental custody of the weapon in the course of his employment. . . ."

Passing by for the moment that Gagliardi's version in his affidavit is that he asked plaintiff if he had a legal right to possess the weapon and plaintiff replied he did not, and that at no time did

17. *See* Fed.R.Civ.P. 12(b).

18. *See* Donnelly v. Guion, 467 F.2d 290, 293 (2d Cir. 1972) ; Beal v. Lindsay, 468 F.2d 287, 291 (2d Cir. 1972) ; Fed. R.Civ.P. 56(e).

19. United States v. Di Re, 332 U.S. 581, 589–590, 68 S.Ct. 222, 92 L.Ed. 210 (1948).

20. Pierson v. Ray, 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *see* Van Camp v. Gray, 440 F.2d 777 (10th Cir. 1971) ; Notaras v. Ramon, 383 F.2d 403 (9th Cir. 1967) ; Beauregard v. Wingard, 362 F.2d 901, 903 (9th Cir. 1966).

21. The New York standard of reasonable cause is substantially the same as the federal standard of probable cause. *See*

United States ex rel. Gonzales v. Follette, 397 F.2d 232, 234 (2d Cir. 1968); United States ex rel. Foreman v. Casseles, 311 F.Supp. 526, 528 (S.D.N.Y. 1970) ; *cf.* Wong Sun v. United States, 371 U.S. 471, 478 n. 6, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) ; Draper v. United States, 358 U.S. 307, 310 n. 3, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

22. N.Y.Crim.Proc.Law § 140.10(1)(b) (McKinney 1971).

23. § 139.07.

24. "Any person who has in his possession any firearm which is loaded with ammunition . . . is guilty of a class D felony." N.Y.Penal Law § 265.05 (2) (McKinney 1967).

plaintiff state he attempted to turn the pistol over to the police department—averments not denied by plaintiff on this motion—we turn to "the foregoing explanation" set forth in the complaint. In substance it is that earlier that evening, at about 10 p. m., at his place of employment (as a maintenance and security officer), plaintiff, in the presence of two or three witnesses,[25] seized the loaded weapon from an intruder; that by midnight, when his tour of duty ended, he was unable legally to dispose of the weapon, or give written notice of surrender;[26] that he had the weapon with him under his belt on his way home, intending to surrender it the next morning, when the event referred to above which led to his arrest occurred in the subway at 2:45 a. m. Plaintiff was not then in compliance with the voluntary surrender provision.[27] His "explanation" to the police officers of how he came into possession of the gun and of his intention to surrender it the next morning, considering time, place and circumstance, did not eliminate the reasonable cause that they, as "cautious and prudent" officers,[28] had to believe that then and there plaintiff was engaged in the commission of a crime.[29] Not only were they not bound to accept his "explanation," but for them to have done so would not only have been incautious and imprudent, but under the circumstances could have exposed them to a charge of dereliction of duty. Prima facie probable cause for plaintiff's arrest is established by his indictment by a grand jury for criminal possession of the loaded firearm, a felony charge.[30] The complaint, considered by itself, fails to state a cause of action; considered together with the affidavits, defendant is entitled to summary judgment.

As to the claim (not separately stated) which plaintiff purports to advance under 42 U.S.C., section 1985, there is a general allegation that the City Transit Authority and the other defendants "were conspirators engaged in a scheme and conspiracy designed" to deprive him of his constitutional rights. However, the complaint abounds in conclusory allegations;[31] no overt acts are

---

25. No affidavit has been submitted from any of these witnesses.

26. "[Section] 265.05 . . . shall not apply to:
 "1. Possession of any of the weapons . . . specified in [section] 265.05 . . . by the following:
 . . . . .
 "(d) A person voluntarily surrendering such weapon . . . if such person resides in a city having a population of seventy-five thousand or more to the police commissioner or head of the police force or department, or to a member of the force or department designated by such commissioner or head; and provided, further, that the same shall be surrendered by such person only after he gives notice in writing to the appropriate authority, stating his name, address, the nature of the weapon to be surrendered, and the approximate time of day and the place where such surrender shall take place. . . ."
 N.Y.Penal Law § 265.20(a)(1)(d) (McKinney Supp.1972).

27. Id.

28. United States ex rel. Foreman v. Casseles, 311 F.Supp. 526, 528 (S.D.N.Y. 1970); see People v. Valentine, 17 N.Y. 2d 128, 269 N.Y.S.2d 111, 216 N.E.2d 321, remittitur amended, 17 N.Y.2d 869, 271 N.Y.S.2d 299, 218 N.E.2d 335 (1966).

29. The suspicious circumstances which led to plaintiff's arrest also demonstrate that he did not come within the exemption provided by N.Y.Penal Law § 265.20(b) (McKinney 1967).

30. See Hopkinson v. Lehigh Valley R. R., 249 N.Y. 296, 300, 164 N.E. 104, 106 (1928); Danchak v. State, 29 A.D.2d 609, 610, 285 N.Y.S.2d 976, 978 (3d Dep't 1967); Saunders v. State, 14 Misc. 2d 881, 884, 181 N.Y.S.2d 138, 141 (Ct. Cl.1958).

31. See Snowden v. Hughes, 321 U.S. 1, 10, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Kadlec v. Illinois Bell Tel. Co., 407 F.2d 624, 627 (7th Cir.), cert. denied, 396 U.S. 846, 90 S.Ct. 90, 24 L.Ed.2d 95 (1969); Post v. Payton, 323 F.Supp. 799, 802 (E.D.N.Y.1971); Weyandt v. Mason's Stores, Inc., 279 F.Supp. 283, 285 (W.D.Pa.1968); Daly v. Pedersen, 278 F.Supp. 88, 95 (D.Minn.1967); Lombardi v. Peace, 259 F.Supp. 222, 226 (S. D.N.Y.1966).

set forth with respect to the City Transit Authority,[32] nor is there any allegation of a purposeful intent to discriminate as to constitutional rights between classes or individuals.[33]

Apart from the foregoing deficiencies as to this purported claim, the same reasons which require dismissal of the section 1983 claim and the grant of summary judgment warrant a similar result as to the section 1985 claim. Accordingly, the complaint is dismissed as to the defendant City Transit Authority.

---

**32.** *See* Powell v. Workmen's Compensation Bd., 327 F.2d 131, 137 (2d Cir. 1964); Rhodes v. Houston, 202 F.Supp. 624, 637 (D.Neb.), aff'd per curiam, 309 F.2d 959 (8th Cir. 1962), cert. denied, 383 U.S. 971, 86 S.Ct. 1282, 16 L.Ed.2d 311 (1966).

**33.** *See* Griffin v. Breckenridge, 403 U.S. 88, 102–103, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); Snowden v. Hughes, 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Powell v. Workmen's Compensation Bd., 327 F.2d 131, 137 (2d Cir. 1964); Hoffman v. Halden, 268 F.2d 280, 292 (9th Cir. 1959), overruled in part on other grounds in Cohen v. Norris, 300 F.2d 24, 29–30 (9th Cir. 1962); Weyandt v. Mason's Stores, Inc., 279 F.Supp. 283, 289 (W.D.Pa.1968); Daly v. Pedersen, 278 F.Supp. 88, 95 (D. Minn.1967); *see also* Burt v. City of New York, 156 F.2d 791 (2d Cir. 1946); Morgan v. Sylvester, 125 F.Supp. 380, 386–387 (S.D.N.Y.1954), aff'd per curiam, 220 F.2d 758 (2d Cir.), cert. denied, 350 U.S. 867, 76 S.Ct. 112, 100 L.Ed. 768 (1955). Such an allegation is not necessarily required to state a claim under § 1983. *See* Whirl v. Kern, 407 F.2d 781, 787–788 (5th Cir.), cert. denied, 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177 (1969); Smith v. Cremins, 308 F.2d 187, 188 (9th Cir. 1962); Cohen v. Norris, 300 F.2d 24, 27–30 (9th Cir. 1962).