**Dorothy GAUTREAUX et al.,
Plaintiffs,**

v.

**George W. ROMNEY, Secretary of the Department of Housing and Urban Development, et al., Defendants.**

**Nos. 66 C 1459, 66 C 1460.**

United States District Court,
N. D. Illinois, E. D.

Sept. 11, 1973.

Alexander Polikoff, Chicago, Ill., for plaintiffs.

Patrick W. O'Brien, Chicago, Ill., for defendant Chicago Housing Authority.

James R. Thompson, U. S. Atty., James C. Murray, Asst. U. S. Atty., Chicago, Ill., for defendant Romney.

**MEMORANDUM OPINION and JUDGMENT ORDER**

AUSTIN, District Judge.

The facts of these cases have often been recited and need no repetition here.* This matter comes before me today on plaintiffs' motion (1) to defer my ruling on the proposed final judgment orders submitted by HUD and plaintiffs; (2) to determine that it is necessary to consider a metropolitan plan for relief; and (3) to provide for the preparation of such plans by HUD and CHA. For the reasons stated below, that motion is denied.

Stated simply, this lawsuit attacks racial discrimination in public housing within the City of Chicago. Both defendants have previously been found liable to plaintiffs because they either fostered or tolerated the unconstitutional implementation of federal housing statutes. And, having already entered an appropriate judgment against CHA, what remains before me is the relief to be obtained from HUD.

■ Plaintiffs' motion asks me to consider the propriety of metropolitan area relief similar to that granted in Bradley v. Milliken, 484 F.2d 215 (6th Cir. 1973), which was a case dealing with racial segregation in the Detroit public school system. But, although such relief may have been justified in *Bradley*, it is simply unwarranted here

---

\* *See* Gautreaux v. Chicago Housing Authority, 265 F.Supp. 582 (N.D.Ill.1967) ; 296 F.Supp. 907 (N.D.Ill.1969) ; 304 F.Supp. 736 (N.D. Ill.1969, aff'd, 436 F.2d 306 (7th Cir. 1971) ; Gautreaux v. Romney, 448 F.2d 731 (7th Cir. 1971) ; 342 F.Supp. 827 (N.D.Ill.1972), aff'd, 480 F. 210, dated May 18, 1973 (7th Cir.).

because it goes far beyond the issues of this case. Unlike education, the right to adequate housing is not constitutionally guaranteed and is a matter for the legislature. Lindsey v. Normet, 405 U.S. 56, 74, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972). Of course, once such legislation is enacted into law, it is constitutionally impermissible to administer it in a racially discriminatory manner. Here, for example, the evils of racial discrimination in public housing were fostered by decisions of the housing authority of the City of Chicago and tolerated by the federal agency which financed such projects.

■ However, the wrongs were committed within the limits of Chicago and solely against residents of the City. It has never been alleged that CHA and HUD discriminated or fostered racial discrimination in the suburbs and, given the limits of CHA's jurisdiction, such claims could never be proved against the principal offender herein. After years of seemingly interminable litigation, plaintiffs now suggest that I consider a metropolitan plan for relief against political entities which have previously had nothing to do with this lawsuit. The factual basis for their request is an opinion of an urbanologist that by the year 2000 the entire geographic area of the City of Chicago will be within the limited public housing area as defined by the judgment order entered on July 1, 1969. This is simply inadequate to support a request to consider imposing obligations upon those who were and are incapable of discriminatory site selection within the City of Chicago.

Furthermore, plaintiffs should not have to be reminded that no public housing has been built in this City since my order of July 1, 1969 because the municipal authorities refused to approve sufficient sites for such housing and recently because of a lack of funds. But, now that one of those obstacles has been eliminated by the Seventh Circuit's recent affirmance of my order to build

housing in Chicago without City Council approval, plaintiffs have curiously raised an issue that would let the principal offender, CHA, avoid the politically distasteful task before it by passing off its problems onto the suburbs.

Therefore, for the reasons stated above and in defendant HUD's memorandum of March 30, 1973, plaintiffs' motion to consider metropolitan relief is denied. Further,

A. It is hereby ordered, adjudged and decreed: That plaintiffs' motion for summary judgment on Counts I and II of the complaint in Case Number 66 C 1460 be and hereby is granted;

B. It is further ordered, adjudged and decreed: That the defendant, George W. Romney, Secretary of the Department of Housing and Urban Development, his successors, his officers, agents, servants, employees, representatives, and each of them shall use their best efforts to cooperate with CHA in its efforts to increase the supply of dwelling units, in conformity with:

(a) all federal statutes applicable to the low rent housing program;

(b) rules and regulations promulgated by HUD for the administration of said program; and,

(c) the provisions of the Judgment Order entered by this court in the companion case (No. 66 C 1459) on July 1, 1969, as amended, as well as all other final nonappealable orders entered by this court from time to time in these proceedings;

C. It is further ordered, adjudged and decreed: That the defendant George W. Romney, Secretary of the Department of Housing and Urban Development, his successors, officers, agents, servants, employees, representatives and each of them are hereby permanently enjoined and restrained from approving and funding development programs for low rent family public housing in the City of Chicago which are inconsistent with the terms of this Judgment Order.